Tony ROSAS, Appellant,

v.

Bill DOREEN, Appellee.

No. 16710.

Court of Civil Appeals of Texas.

Dallas.

March 25, 1966.

Fred Time, Marks, Time & Aranson, Dallas, for appellant.

John Allen Curtis, Harrison, Curtis & Cooper, Dallas, for appellee.

BATEMAN, Justice.

The appellant Tony Rosas brought this suit against appellee Bill Doreen for damages on account of bodily injuries sustained by appellant when he fell on a sidewalk alleged to have been made dangerous by appellee's construction work near the sidewalk. The court rendered summary judgment for appellee, and appellant presents three points of error on appeal.

■ The first point is that the court erred in granting the summary judgment on the theory that this was a "slip and fall" case, whereas appellee's liability had been alleged as being based on "the negligence per se theory." We do not find anything in the record before us to indicate on what particular theory or doctrine the summary judgment was rendered. The motion was bottomed on allegations that the condition of the sidewalk where appellant fell was open and obvious, that the dangers involved and the possibility of injury were patent, and that appellant voluntarily and with full knowledge and appreciation of the dangers and risk involved entered into a situation fraught with obvious danger.

The judgment itself did not indicate on what theory or doctrine it was rendered. The first point is therefore overruled.

■ By his second point of error appellant says that the court erred in entertaining the motion for summary judgment "attacking Appellant's Second Amended Original Petition," because prior to the hearing appellant filed his Third Amended Original Petition, to which appellee's motion and "attacks" were inapplicable. The motion for summary judgment did not "attack" any pleading. It merely referred to the Second Amended Original Petition as having described or alleged the condition of the property where appellant fell, and also contains this allegation: "Further, as set forth in Plaintiff's Second Amended Original Petition and depositions as contained in the record, Plaintiff fully recognized and appreciated the dangers and the risk involved." Appellant's pleadings will be further discussed in our disposition of the third point of error. The second, as worded, presents no reversible error and is overruled.

Appellant's third point of error asserts that the pleadings and affidavit of appellant presented an issue of fact, and that it was therefore error to grant the summary judgment. This necessitates a careful survey of the state of the pleadings and the evidence presented to the court at the hearing of the motion.

■ First, however, we should consider the rules applicable to summary judgments. Rule 166-A, Vernon's Texas Rules of Civil Procedure, authorizes such judgments only when it is shown that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant must carry the burden of establishing the absence of any such issue; and in determining whether this burden has been carried the court must disregard all conflicts in the evidence and view the evidence in the light most favorable to the party opposing the motion, accepting as true all evidence which tends

to support his position *and resolving all doubts as to the existence of a genuine issue of a material fact against the movant.* If the motion involves the credibility of affiants or deponents, or the weight of their statements, or a mere ground of inference, the motion should be denied. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex.Sup.1965, 391 S. W.2d 41, 47.

Appellee's motion for summary judgment is unsworn, and he presents no evidence in any form in support thereof, relying wholly upon the allegations of appellant's Second Amended Original Petition. (He mentions "depositions as contained in the record," but we find no depositions in the record before us.) In the Second Amended Original Petition, after alleging his injuries resulting from "an uncovered and unprotected upheaval caused by construction work being conducted at a building * * " and the failure of appellee to maintain any sort of warning, there was the following paragraph:

"III.

"Plaintiff would show that he had just completed eating at the Taco Village, 2911 McKinney Street, Dallas, Texas, when he began walking West on McKinney on the North side of the sidewalk. When he reached the 2700 block of McKinney Street, Dallas, Texas, he observed an area of construction, and that he did see an upheaval of concrete, but from all indications it appeared as though he could safely cross the unguarded area; that he cautiously stepped through the maze of broken concrete, until one seemingly secure piece caved under his weight; that the turning, twisting and caving of this concrete, caused Plaintiff to suddenly and abruptly, fall to the ground. Plaintiff says that the absence of barricades and warning signs encouraged him to proceed; that he was lulled into a sense of security."

After the filing of the motion for summary judgment, appellant filed his Third Amended Original Petition, substantially the same as the Second except that Paragraph III was changed to read as follows:

"Plaintiff would show that he just completed eating at the Taco Village, 2911 McKinney Street, Dallas, Texas, when he began walking West on McKinney Street on the North side of the sidewalk. When he reached the 2700 block of McKinney Street, Dallas, Texas, *he observed an area of recent construction,* and from all indications it appeared as though he could safely cross the unguarded area; *that he walked safely over the concrete,* when a piece of concrete, not visible to Plaintiff, turned and twisted causing Plaintiff to suddenly and abruptly fall into a latently, unseen hole. Plaintiff says that the absence of barricades and warning signs encouraged him to proceed; that he was lulled into a sense of security by absence of any warning sign."

Appellant also filed an affidavit in opposition to the motion for summary judgment in which he alleged that he had read his Third Amended Petition and swears that it is true and that "the condition of the property was not open and obvious to all, neither was it open and obvious to myself in that it seemed I could safely cross the unguarded area. Furthermore, I did not recognize or appreciate the dangers and the risk involved in that, I was lured *(sic)* into a sense of security. I did not believe there would be danger involved and the possibility of injury was latent. Furthermore, I did not have full knowledge of the danger or risk involved when I entered the area of construction."

█ The affidavit contains a number of legal conclusions, which we shall not consider. Rule 166–A (e), T.R.C.P. However, it contains sufficient statements of fact, to which appellant could have testified, to cause us to doubt seriously that the appellee has carried the burden of es-

tablishing the absence of a genuine issue of material fact.

As stated, appellee offered nothing to buttress his motion except certain statements contained in appellant's Second Amended Original Petition.

"As long as the pleading remains unamended or the admission stands unretracted, the fact alleged or admitted, for the purposes of the case, is accepted as true by the court and jury and binding on the party making it, i. e. he cannot introduce evidence to contradict it." McCormick & Ray, TEXAS LAW OF EVIDENCE, § 1127, p. 25, citing Hardy v. De Leon, 5 Tex. 211, 243.

However, it is also true that "when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, and therefore ceases to be a judicial admission. It follows that any admission contained in an abandoned pleading ceases to be binding on the pleader, in the sense that he is prevented from disproving facts alleged therein. Such pleading, however, still remains a statement seriously made, and it can be introduced in evidence as an admission." Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729. Here, the petition in question *was* amended.

Therefore, since appellant is not precluded from disproving the facts alleged in the very pleading which appellee says is sufficient in itself to establish his defense as a matter of law, it necessarily follows that the case is not ripe for decision until it is determined to what extent, if any, appellant will disprove those facts. We do not have here a situation in which the amended petition was filed after the hearing of the motion for summary judgment and when the court had the motion under advisement, as in McCormick v. Stowe Lbr. Company, Tex.Civ.App., 356 S.W.2d 450, wr. ref. n. r. e. Here, the third amended petition was filed just five days after the motion for summary judgment was filed and twenty-two days before the hearing thereof.

■ Appellee says that the trial court was duty bound to consider appellant's last pleading, Schepps v. American Dist. Tel. Co., Tex.Civ.App., 286 S.W.2d 684, 688, no wr. hist., and that the determination of the motion for summary judgment should extend to the entire record as it exists at the time of the hearing, Burnett v. Cory Corp., Tex.Civ.App., 352 S.W.2d 502, wr. ref. n. r. e. We agree, but in our view, if appellant should be considered bound by the allegations of either his Second or his Third Amended Original Petition, all that can properly be said thereof is that he admitted that he observed an area of construction, that he saw an upheaval of concrete, but that from all indications it appeared as though he could safely cross the unguarded area; that he cautiously stepped through the maze of broken concrete, until one seemingly secure piece caved under his weight. Such admissions, standing unaided, are not in our opinion sufficient to establish an absolute defense for appellee under the doctrine of *volenti non fit injuria.* Halepeska v. Callihan Interests, Inc., Tex.Sup.1963, 371 S.W.2d 368; Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172.

In holding, therefore, that the court erred in granting the summary judgment, we are not to be considered as making any holding or finding as to the sufficiency of evidence that may be introduced on the trial of the case on its merits, but only that in our opinion, in view of the record before us, there is reasonable doubt as to whether appellee has carried the burden of proof placed on him by Rule 166–A, T.R. C.P., to establish the absence of any genuine issue of material fact.

The judgment is reversed and the cause remanded for trial.

Reversed and remanded.