The CITY OF HOUSTON, Texas, Appellant,

v.

Mrs. Nancy BOECHER, a Feme Sole, Appellee.

No. 14949.

Court of Civil Appeals of Texas.

Houston.

Jan. 26, 1967.

Rehearing Denied Feb. 16, 1967.

Wm. A. Olson, City Atty., and Homer T. Bouldin, Trial Supervisor, Houston, for appellant.

William R. Powell and E. J. O'Neill, Houston, Foreman, Dyess, Prewett, Henderson & Cantey, and O'Neill & McKellar, Houston, of counsel, for appellee.

WERLEIN, Justice.

Appellee, Mrs. Nancy Boecher, brought this suit to recover damages for personal injuries sustained by her at about 6 o'clock p. m. on May 26, 1962, when she fell while walking in a westerly direction along and over the sidewalk on the south side of the 700 block of McGowen Avenue, Houston, Texas. The sidewalk where she fell was broken into a number of separate pieces of concrete, some large and some small. It had been in such condition for many years, but was in a little worse condition in 1962 than during the earlier years that she had used it. She had walked over this broken sidewalk many times, at least as many as one hundred times.

She testified that on this particular occasion she stepped on one of the broken pieces of concrete, and that it slipped or tilted downward causing her to lose her footing and fall; that the piece of concrete upon which she stepped was about a foot wide nearest her and narrowed down to kind of a point, but was large enough for a man to step on it; that there was nothing about its appearance which would indicate there was anything wrong with it, and that it was level; that she could not tell whether the sidewalk was in exactly the same condition at all times or whether it was in the same condition at the time she fell that it was in a week before when she had walked over it, but it looked the same; that "you

don't always step on the same stone each time you go through there." She further testified that she knew the sidewalk was broken and in bad condition but she could not tell by looking at it that the piece she stepped on would tilt forward; that she did not think of it as dangerous; that she could see as well as anyone else but couldn't see underneath the stones to see what the condition might be there.

The jury found that the broken area of the sidewalk where appellee fell constituted a defective condition; that the City officials, agents and employees knew, or in the exercise of ordinary care should have known, of the existence of the broken area of the sidewalk; that appellant, its officials, agents, servants and employees, by the exercise of ordinary care, should have known of the existence of such broken sidewalk for such length of time as to have enabled the City, in the exercise of ordinary care, to have repaired said unsafe condition, and that in failing to repair the sidewalk they did not exercise that degree of care that a person of ordinary prudence would have done under the same or similar circumstances, and that such failure was a proximate cause of appellee's injuries.

The jury found that appellee did not fail to keep such lookout as would have been kept by a person of ordinary prudence, in the exercise of ordinary care; that appellee did know or in the exercise of ordinary care should have known of the condition of the sidewalk in question; that she did not appreciate, or in the exercise of ordinary care should have appreciated, the full extent of the danger involved in the use of the sidewalk in question, and that her fall was not the result of an unavoidable accident.

Appellant in substance contends that the court erred in not sustaining its motions to render judgment in its favor and also in failing to render judgment non obstante veredicto for the reason that the condition of the sidewalk was open and obvious to appellee and that as a matter of law she should have known and appreciated the dangers in-

cident to walking on said sidewalk. Appellant further asserts that the evidence conclusively shows that appellee was guilty of negligence proximately causing her injuries, and that the condition complained of by her was as easily perceptible to her as it would have been to appellant. All of appellant's points are "no evidence" points.

Appellee asserts that this is not an ordinary slip and fall case. Mrs. Boecher testified that she did not slip on the concrete, did not stump her toe or hang her heel; that she just stepped on the piece of concrete and it slipped forward and her foot went along with it, and that she did not stumble. She admitted that she had been over the sidewalk many, many times and knew its general condition as being a broken sidewalk, but she did not know that the piece of concrete upon which she stepped would move downward, and did not know what was underneath such piece of concrete. It is appellee's position that there was a latent defective condition which appellee didn't know existed and did not appreciate or consider dangerous. It is appellant's contention that whatever condition was there was as open and obvious to her as to anyone else, including the officers, agents, servants and employees of the City. There is no evidence that she had ever stepped on this particular piece of concrete before or that any other piece of concrete that she had stepped on in using the sidewalk had ever given way or slid or moved downward.

■ The law is well settled that it is the duty of a municipal corporation to exercise ordinary care to maintain its streets and sidewalks in a reasonably safe condition for public use. Dozier v. City of Gatesville, 121 Tex. 389, 48 S.W.2d 971; City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927; City of Austin v. Daniels, 1960, 160 Tex. 628, 335 S.W.2d 753, 81 A.L. R.2d 1180; 27 A.L.R. 927; 28 Tex.Jur.2d 255, Highways and Streets, § 214, and authorities cited. The general broken condition of the sidewalk had existed for such

a long period of time that the City was charged with notice of its condition.

■ Ordinarily actual notice to the City of the condition of a sidewalk is not necessary. It is sufficient if those charged with the supervision, control and superintendence of the sidewalk, by the exercise of reasonable care and diligence, could have known of the defective condition. Whether the City's knowledge of the defect was reasonably acquired in time to have effected a remedy is a question of fact for the jury's determination. City of Waxahachie v. Harvey, 255 S.W.2d 549, Tex.Civ. App., 1953, error ref., n. r. e.; Garrett v. City of Wichita Falls, 329 S.W.2d 491, Tex. Civ.App.1959, n. w. h.; 40 Tex.Jur.2d, p. 330, § 640. In the instant case the jury found that the City by the exercise of ordinary care should have known of the broken sidewalk for such length of time as to have enabled it in the exercise of ordinary care to have repaired the unsafe condition. The evidence amply supports such finding. Obviously, if the City had repaired the sidewalk properly or constructed a new sidewalk, appellee would not have been injured.

The question arises, however, whether it was necessary for the City to have notice of the particular defective condition which caused appellee to fall. It has been held that notice that a sidewalk is generally defective will charge the City with notice of particular related defects therein at that point. In 63 C.J.S. Municipal Corporations § 831, pp. 171–172, it is stated:

"The fact that the municipality has notice that a sidewalk or way at a particular point is generally defective will charge it with notice of particular defects therein at that point, provided the general defect is of the same general character as the particular one which causes the accident, or the latter is a usual concomitant of the former. Thus, notice that a particular board in a plank walk is loose or rotten need not be brought home to the municipality if there is sufficient to charge it with notice of the general condition of the walk."

In City of Dallas v. Moore, 32 Tex.Civ. App. 230, 74 S.W. 95, 1903, the Court said:

"Actual notice of the defect and the dangerous condition of the street upon the part of the city was not necessary to be shown in order to hold it liable. If those agents of the city who are charged with supervision, control, and superintendence of the streets could, by the exercise of reasonable care and diligence, have known of the defective condition, the city will be charged. If there are apparent and obvious defects so near and closely related to a condition which is apparently safe, but in fact defective, that an investigation of the former would lead to a knowledge of the latter, then it may be said that the city should take notice of such latter defect."

■ We are of the view that in the instant case the fact that the City had notice that the sidewalk was generally defective charged it with notice of particular defects therein at that point, since the general defective condition was of the same general character as the particular defect which caused the accident, the latter being a usual concomitant of the general defective condition existing. The City, which was charged with the duty of maintaining sidewalks in a reasonably safe condition for public use, failed in such duty since the sidewalk in question was not in a reasonably safe condition for public use.

■ Appellant contends that the condition existing was open and obvious to appellee. It is true that the general broken condition of the sidewalk was open and obvious. Had appellee stumbled over some broken piece of concrete, or stumped her toe or caught her heel and fallen as a result thereof, we would not hesitate to hold that the condition was open and obvious to her. Here, however, there was a latent condition not open and obvious in that there was nothing to indicate to appellee that the piece of concrete in question would give way under her weight and slide forward or downward. Appellant did not introduce any evidence and there is nothing in the record to

impeach the testimony of appellee. Her testimony was that she didn't think of it as being dangerous. In other words, she did not appreciate or realize the danger. We cannot say that she was charged in law with knowledge of the particular defect and realization and appreciation of the danger of stepping on the particular defective piece of concrete. Halepeska v. Callihan Interests, Inc., Tex.Sup.1963, 371 S.W.2d 368; McKee v. Patterson, 153 Tex. 517, 271 S.W. 2d 391.

In the cases of Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; and Wesson v. Gillespie, Tex.Sup.1964, 382 S. W.2d 921, relied upon by appellant, the condition was a static one that was patently open and obvious. In the instant case there was a particular defective condition which was not open and obvious to one stepping on the piece of concrete although the general broken condition of the sidewalk was open and obvious. The case of Rosas v. Doreen, 402 S.W.2d 813 (Tex.Civ.App., Dallas 1966, n. w. h.), is much in point. In that case, in which a summary judgment was granted the defendant, the judgment was reversed and the cause remanded. The plaintiff in such case pleaded that when he reached the 2700 block of McKinney in Dallas, Texas, he observed an area of recent construction, and from all indications it appeared as though he could safely cross the unguarded area; that he walked safely over the concrete, when a piece of concrete, not visible to plaintiff, turned and twisted, causing plaintiff to suddenly and abruptly fall into a latently, unseen hole. The plaintiff swore in his affidavit that "the condition of the property was not open and obvious to all, neither was it open and obvious to myself in that it seemed I could safely cross the unguarded area. Furthermore, I did not recognize or appreciate the dangers and the risk involved in that, I was lured (sic) into a sense of security. I did not believe there would be danger involved and the possibility of injury was latent. Furthermore, I did not have full knowledge of the danger or risk involved when I entered the area of construction." The court held that appellant's admissions, standing unaided, were not sufficient to establish an absolute defense under the doctrine of volenti non fit injuria.

 The testimony of appellee in the instant case is to the effect that she did not know the condition of the stone she stepped on and that she did not appreciate or consider the condition existing as dangerous. The jury found that appellee did not appreciate "or in the exercise of ordinary care should have appreciated the full extent of the danger involved in the use of the sidewalk in question." We cannot say as a matter of law that appellee was charged in law with such knowledge, realization, and appreciation.

Judgment affirmed.