### FERGUSON et al. v. McLEAN et al.
### No. 12872.

Court of Civil Appeals of Texas. Dallas.
March 30, 1940.

John W. Pope, Sr., of Dallas, for appellants.

W. B. Harrell and Russell Allen, both of Dallas, for appellees.

LOONEY, Justice.

The events leading to the present controversy are these: In December, 1936, the Dallas Mortgage Securities Company, a domestic corporation, was dissolved by the voluntary action of its stockholders, and its president and directors, under the provisions of the statute, became trustees for purposes of liquidation. In February, 1937, three of the trustees instituted a proceeding in the court below, naming the other trustees and the corporation, defendants; plaintiffs tendered their resignation as trustees, and, as stockholders, sought recovery of their respective interests in the assets of the corporation, and, as ancillary to the proceedings, prayed for the appointment of a receiver to wind up the affairs of the corporation. The trustee-defendants answered and, in effect, joined in the prayer of the plaintiffs. On March 1, 1937, the court appointed H. G. McLean (a stockholder, one of the trustees, and one of the nominal defendants) receiver, who immediately qualified, took charge of the assets of the corporation, filed an inventory and appraisement of the assets belonging to the corporation, and began the process of liquidation.

Subsequently, on March 18, 1937, H. W. and Searcy M. Ferguson, stockholders, appellants herein, intervened, filed a pleading in opposition to the action of the court, and, among other things, urged a general demurrer to the petition, which was sustained, and the proceedings dismissed, from which an appeal was prosecuted to this Court. On hearing, we reversed the trial court and remanded the cause for further proceedings. See Hogsett v. Dallas Mortgage etc. Co., Tex.Civ.App., 110 S.W.2d 135, application for writ dismissed.

On February 15, 1938, after the return of the cause to the trial court, appellants filed a motion for the removal of McLean as receiver, alleging as grounds that he was not a qualified voter in that he had failed to pay his poll tax, and further, that he was a party to the suit and interested in the subject matter.

On April 28, 1938, before action was had on the motion, appellee tendered his resignation as receiver, which was accepted, and, on the same day, the court appointed Felix B. Harris, receiver, to whom appellee surrendered possession of the assets of the corporation; filed detailed reports of his acts and doings as receiver, prayed that the same be approved; that he be allowed reasonable compensation for services as secretary-treasurer of the corporation, rendered prior to March 1, 1937, alleged to be $100 per month, and that, he be allowed reasonable compensation for his services as receiver, alleged to be $100 per month.

Appellants filed lengthy pleadings, urged numerous objections to appellee's report as receiver, and opposed any allowance in his favor for services either as secretary-treasurer, or as receiver of the corporation; the latter objection being based on the ground of appellee's alleged disqualification, as hereinbefore stated.

The matter was heard by the court on March 3, 1939, resulting in an order approving appellee's report as receiver, and allowances in his favor of $1,100, compensation for services as secretary-treasurer of the corporation, rendered prior to March 1, 1937, and $1,393.24, compensation for the time he served as receiver. To all of which appellants excepted, gave notice of, and perfected this appeal.

The only question presented on this appeal relates to the correctness, whether or not, of the action of the court in allowing appellee compensation for his services as receiver. Appellants do not question the value of his services to the estate, or the reasonableness of the amount allowed; nor do they contend that his appointment was void, but, rather, was voidable, insisting, however, that, as they made seasonable objection to the appointment on the ground of appellee's statutory disqualification, the court was without authority under the law to allow compensation.

As before shown, appellants urged a general demurrer to the entire proceedings, which was sustained, but, on appeal, we reversed the trial court, remanded the cause for further proceedings, and, after an application for writ of error was dismissed by the Supreme Court, the case was returned to the docket of the trial court. In this status, appellants filed a motion to remove appellee as receiver, on the ground of his alleged disqualification, but before the court acted upon the motion, appellee resigned, in order, as alleged by him, to prevent delay in liquidating the estate, that otherwise might have resulted if a protracted contest had ensued. The record discloses that, from the day of his qualification as receiver, to the

day of his resignation, the business and affairs of the estate received appellee's sedulous care and attention.

Under these circumstances, we do not think the court erred in allowing appellee compensation as receiver. The case, in our opinion, is ruled by the doctrine announced in James v. Roberts T. & E. Co., Tex.Com. App., 206 S.W. 933. The judgment of the court below is affirmed.

Affirmed.