Paige B. **BAYOUD** and North Central Investment Corp., Appellants,

v.

**NORTH CENTRAL INVESTMENT CORPORATION** Through George S. **BAYOUD**, Appellees.

Paige B. **BAYOUD** and North Central Investment Corp., Relators,

v.

Honorable Catherine **CRIER**, 162nd Judicial District Court, Respondent.

Nos. 05–87–00950–CV, 05–87–01332–CV.

Court of Appeals of Texas, Dallas.

March 22, 1988.

Rehearing Denied June 22, 1988.

Pat W. Davis, Dallas, for appellants.

B. Prater Monning, III, Dallas, for appellees.

Before LAGARDE, HUGHES[1] and ASHWORTH[2], JJ.

LAGARDE, Justice.

In a single point of error in cause No. 05–87–00950–CV, appellants Paige B. Bayoud and North Central Investment Corporation complain that the trial court erred in denying their motion for termination of receivership, asserting that the trial court lacked jurisdiction and authority to continue administration of the receivership and should have dismissed or vacated same. Although not presented in a point of error, appellant's appeal bond complains of the order appointing receiver dated August 7, 1987. Because we agree that the trial court lacked jurisdiction, we reverse the judgment of the trial court and render judgment dismissing the receivership. In effect, this holding vacates the order appointing the receiver.

The subject of the receivership is North Central Investment Corporation ("NCIC"), the principals of whom are brothers, appellant Paige B. Bayoud ("Paige") and appellee George S. Bayoud ("George").

Cause No. 05–87–01332–CV, an original proceeding in the nature of an application for writ of prohibition, has been consolidated for purposes of submission and oral argument with cause No. 05–87–00950–CV. The issues of fact and law are identical in each case. For the reasons given below, the writ of prohibition is denied.

A discussion of the procedural aspects of this case is warranted in that we have a hybrid appeal before us. The appellants' appeal bond states that they are appealing from two orders. Properly, the appeal from the appointment of receiver is interlocutory. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(1). However, complaint of the order denying the motion to terminate the receivership should be brought by regular appeal as a final order pursuant to *Christie v. Lowrey*, 589 S.W.2d 870, 874, (Tex.Civ.App.—Dallas 1979, no writ). The correct procedure, therefore, would have been to file two appeals, one interlocutory and one from a final order. Then this

---

1. The Honorable W.A. Hughes, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

2. The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

Court could have consolidated the two appeals. However, given that the appellants complied with the more rigid time frames for an interlocutory appeal, both aspects of this hybrid appeal can, and will, be considered.

## I.

The convoluted history of this cause mandates a detailed discussion of its background. For at least ten years, brothers Paige and George have been engaged in protracted litigation involving the operation of NCIC. In 1978 the present cause was initiated by George filing a shareholder derivative suit alleging Paige's failure to allow him access to the corporate records and breach of fiduciary duty by Paige. George subsequently amended his petition to include a claim for damages for tortious interference with business relations, for fraud and for conversion. Among other responses, Paige asserted that George had no ownership interest in NCIC.

In his original petition, George requested that a receiver be appointed to rehabilitate NCIC or, failing that, to liquidate NCIC. Paige joined in the application for the appointment of a receiver who was appointed by an order signed on February 5, 1979.

Unchallenged statements in Paige's brief indicate that there have been no directors of NCIC since February 5, 1980, and no plan for rehabilitation of NCIC has been approved. The corporation's income, which is derived from a guaranteed lease through 1996, is approximately $25,000 per month. Assets include several acres of land and buildings, together with about $1,000,000 in cash.

George, in his derivative action filed in 1979, pleaded that even if he were not a shareholder in NCIC he was entitled to ownership of one-half of the outstanding shares in NCIC. Paige denied George's claims, including his right to bring the derivative action, on the basis that George was not a shareholder in NCIC.

On the issue of ownership, George filed a motion for summary judgment which was granted and appealed by Paige. The remaining issues were tried to the court and judgment was rendered on September 17, 1981. The judgment denied all derivative and individual relief claimed by George against either Paige or NCIC. In addition, the judgment concluded that none of the parties to the suit were entitled to recover damages from each other. This Court ultimately affirmed the September 1981 judgment.

After the signing of the September 1981 judgment, the lawsuit was divided into three suits: (1) the summary judgment in favor of George; (2) the receivership; and (3) the judgment of 1981 disposing of the other issues in the case.

The history of the case subsequent to the three-part division is as follows:

(1) On the ownership issue, in 1982 this Court reversed the summary judgment and remanded for a new trial which was held in 1983. This trial resulted in a judgment that Paige and George were equal shareholders in NCIC. Paige[3] appealed and this Court again reversed and remanded for a new trial. Once again, Paige and NCIC appealed the May, 1986 judgment in favor of George. This Court on January 28, 1988, issued its opinion in that case, affirming the judgment of the trial court which held George and Paige to be equal co-owners of NCIC.

(2) The September 17, 1981 judgment, which disposed of all issues except ownership and the receivership, was affirmed by this Court in 1982.

(3) This appeal arises from the trial court's denial of Paige's motion to terminate the receivership which has been administered by the trial court since February 1979.

Some discussion of the application for writ of prohibition, which has been consolidated with this appeal, is warranted. In that original proceeding, Paige requests this Court to issue a writ of prohibition

---

**3.** Since Paige is the "real" appellant in this cause, both appellants' arguments will be

presented through him rather than through Paige and NCIC.

directing the trial court to cease and desist from exercising any jurisdiction over the cause, including any pending and undetermined motions in this cause or, alternatively, prohibiting respondents from proceeding on any hearing for interim receiver's and accountant's fees and from any further proceedings or actions in the receivership other than maintaining the status quo, pending determination of the present appeal by this Court. Paige also asks that this Court prohibit any award or payment of attorney's fees or costs in favor of respondents and against Paige and, in any event, to prohibit any claims for fees and costs incurred prior to December 30, 1982 or September 17, 1981.

## II.

Paige argues that the trial court has lost jurisdiction over administration of the receivership and requests that all assets of NCIC be returned to Paige. George argues that Paige's dilatory tactics have resulted in continuation of the receivership. George argues for liquidation of the receivership, but presents no cross-point on that or any other issue. Paige argues loss of jurisdiction on the following bases:

(1) By virtue of the judgment dated September 17, 1981;

(2) By virtue of mandatory provisions of TEX.REV.CIV.STAT.ANN. art. 2317 (repealed 1985) which limit the duration of a corporate receivership to, at most, eight years;

(3) By virtue of the mandatory provisions of TEX.CIV.PRAC. & REM.CODE ANN. § 64.072(d) (Vernon 1985) limiting the duration of a corporate receivership to, at most, eight years.

■ Jurisdiction is a matter of law and cannot be conferred by agreement of the parties. *Kirk v. Head*, 137 Tex. 44, 152 S.W.2d 726 (1941). In the absence of jurisdiction, a court cannot render a valid judgment. *Kirk v. Head*, 152 S.W.2d at 728.

George argues that, even if the trial court has lost jurisdiction because of the protracted nature of the receivership, it was Paige's fault who allegedly misled the court by stating that the eight-year limitation was of no consequence. George argues that since Paige misled the trial court he should not reap the benefits of the error. We cannot agree with George; either the trial court has jurisdiction or it does not.

■ It is not necessary to discuss the impact, or lack thereof, of the September 1981 judgment because we conclude that the trial court lacks jurisdiction to continue the receivership by virtue of either article 2317 or § 64.072.

Article 2317, now repealed, provides that no receivership shall be administered by a court for more than a total of eight years; it is not to be administered for more than 3 years unless there is an application and hearing for its continuance, in which case it may continue for not more than a total of eight years. The record before us is devoid of any such applications and transcription of subsequent hearings.

Article 2317 was repealed in 1985 and succeeded by TEX.CIV.PRAC. & REM. CODE ANN. § 64.072. This section provides that (with certain exceptions which do not apply here) a corporate receivership may not be extended for more than five years beyond the original three years. The procedure for extension requires an application for extension, a hearing and an order by the court extending the receivership. Again, the record before us is devoid of any such application, transcriptions of subsequent hearings and orders.

No cases on point interpret the duration question. Paige argues that the applicable statute mandates that the receivership end at the latest by February 5, 1987. George argues that, although it appears that there is no circumstance whereby a receivership could be administered more than eight years, this one should be because Paige's dilatory tactics have unnecessarily extended both the receivership and the litigation.

Even if applications and orders for extension as required by § 64.072 existed, we decline to agree with George that the court has jurisdiction. George's reliance on cases that prohibit a party from complain-

ing on appeal that the court took erroneous action based on that party's misleading of the court is misplaced. *See Flores v. Texas Employers Insurance Association,* 515 S.W.2d 938 (Tex.Civ.App.—El Paso 1974, no writ); *Saper v. Rodgers,* 418 S.W.2d 874 (Tex.Civ.App.—Houston, [1st Dist.] 1967, writ ref'd n.r.e.) The issue is jurisdiction.

The trial court does not have jurisdiction over the receivership. George's concern regarding Paige's alleged dilatory tactics is irrelevant, superseded by the absolute necessity of existence of jurisdiction. George has a final judgment affirmed by this Court holding that he owns fifty percent of the subject of receivership. Although he has not presented the claim in the nature of a cross point, George has sued for damages for delay pursuant to Rule 84 of the Texas Rules of Civil Procedure. Given our holding in this case, this request is denied. *Mid–Continent Casualty Co. v. Whatley,* 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ) (damages for delay can be awarded only upon affirmance or modification of the trial court's judgment).

### III.

On January 20, 1988, in Cause No. 05–87–01332–CV, in response to Paige's petition for writ of prohibition, P. Michael Armstrong ("Armstrong") the receiver, filed a brief in which he requests that this Court deny the writ of prohibition and allow the disbursement of funds to the receiver and receiver's accountants. Armstrong may be construed to be a real party in interest in Cause No. 05–87–01332–CV since his interests are directly affected. Even if he is not a real party in interest, his brief can, and will, be considered an implied motion to intervene. However, we dismiss for want of jurisdiction.

Armstrong was appointed as receiver by order of the trial court dated August 7, 1987. Pursuant to an order dated December 7, 1987, he was awarded $15,447.00 for attorney's fees and expenses and his accountants were awarded fees and expenses of $29,655.00. This Court stayed disbursement of the funds by order dated December 10, 1987.

Armstrong argues that the court may order a receiver's compensation, notwithstanding that the appointment has been revoked or vacated, or that the receiver has been held unqualified, citing *Ferguson v. McLean,* 139 S.W.2d 227, 229 (Tex.Civ.App. —Dallas 1940, no writ); *James v. Roberts Telephone and Electronic Co.,* 206 S.W. 933, 934 (Tex.Comm'n App.1918, judgm't adopted); and *Espuella Land & Cattle Co. v. Bindle,* 11 Tex.Civ.App. 262, 32 S.W. 582 (1895, no writ).

■ Although Armstrong's argument is attractive from the viewpoint of compensating those who have rendered services, the cases he cites all involve *voidable* rather than *void* appointments. The court in *Ferguson v. McLean,* 139 S.W.2d at 228, allowed a receiver to be compensated when his appointment was voidable. In contrast, the appointment of Armstrong was void when it was made in August 1987 since the receivership terminated by law at the latest by February 5, 1987.

### IV.

■ Paige filed an application for writ of prohibition which was consolidated with this appeal. Without reaching the merits of his application, we note that the jurisdiction of courts of appeal to issue all writs other than writs of mandamus, is limited to cases in which the court has actual jurisdiction of a pending proceeding. TEX.GOV'T CODE ANN. § 22.221(b) (Vernon 1987). A court of appeals does not have jurisdiction, absent a pending appeal, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *Shelvin v. Lykos,* 741 S.W.2d 178, 181–82 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding). In any event, given our holding that the trial court has no jurisdiction, we trust that the trial court will take no future actions regarding the receivership; therefore, Paige's application for writ relief is denied.

We reverse the judgment of the trial court and render judgment dismissing the

receivership.  The application for writ of prohibition is denied.