TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING EN BANC









NO. 03-95-00427-CR







Roger Eugene Fain, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 95-112-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING









DISSENTING OPINION






 I respectfully dissent. As author of the original panel opinion for this Court, I
firmly believe that the instant case was properly disposed of in that opinion on the basis of the
unassigned error. The issue presented is whether the 277th Judicial District Court of Williamson
County, with the instant murder case pending on its docket, could constitutionally and legally sit
and try the case in Smith County rather than in Georgetown, the county seat of Williamson
County.

 This case presents a highly unusual set of facts and procedures unlike any other case
discoverable in research. There was no change of venue as authorized by law. Ordinarily, a
change of venue in a felony case involves the transfer of the case by a district court to another
district court in another county. See generally Tex. Code Crim. Proc. Ann. ch. 31 (West 1989
& Supp. 1999). The receiving court acquires jurisdiction of the case upon receipt of the
indictment and the transferring court loses jurisdiction of the case. In this case, we are not
confronted with the original trial judge, who, by exchange of benches or administrative
assignment, traveled to preside in another district court that had acquired jurisdiction over the
transferred case. What happened in the instant case was that the 277th Judicial District Court of
Williamson County, with this case pending on its docket, pulled up stakes and moved to Smith
County and tried this case with Smith County jurors. It was not the case that was transferred as
in a change of venue, but the court that moved out of its territorial limits. The action taken
violated the statute that created the 277th Judicial District Court and limited its existence to
Williamson County. See Tex. Gov't Code Ann. § 24.454(a) (West Supp. 1999). Parties by
agreement, consent, or waiver cannot confer jurisdiction on a court or expand its territorial limits. 
See Ex parte Smith, 650 S.W.2d 68, 69 (Tex. Crim. App. 1981); Lackey v. State, 594 S.W.2d 97,
100 (Tex. Crim. App. 1978); Miller v. State, 909 S.W.2d 586, 592 (Tex. App.--Austin 1995, no
pet.). There is also the constitutional mandate that a district court "shall conduct its proceedings
at the county seat of the county in which the case is pending except as otherwise provided by law." 
Tex. Const. art. V, § 7. The panel opinion held that the trial court lacked authority and power
to adjudicate the rights of the parties when it conducted the trial beyond its territorial limits. The
judgment rendered was null and void. To render a valid judgment and sentence in a criminal case
the trial court must have jurisdiction of both the subject matter and the person of the defendant,
and it must have the authority to render the particular judgment. A district court has no authority
or power to adjudicate the rights of litigants except at the time and places prescribed by law. See
Lyons-Thomas Hardware Co. v. Perry Stone Mfg. Co., 27 S.W. 100, 109 (Tex. 1894); Stine v.
State, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995). If any of these factors are lacking, the
judgment is fatally defective. See Ex parte Kenzie, 29 S.W.2d 771, 772 (1930); Ex parte
Degener, 30 Tex. App. 566, 17 S.W. 1111 (1891); 22 Tex. Jur. 3d § 1898, at 26 (1982).

 The question of whether the district court complied with article V, section 7 of the
Texas Constitution is a constitutional issue that is jurisdictional and non-waivable. See Stine, 908
S.W.2d at 433; Anderson v. State, 930 S.W.2d 179, 181 (Tex. Crim. App.--Fort Worth 1995,
pet. ref'd). Venue is distinct from jurisdiction. The latter concerns the power of the court to hear
and determine the case. Venue means the place where a case may be tried. See Ex parte Watson,
601 S.W.2d 350, 351 (Tex. Crim. App. 1980); Martin v. State, 380 S.W.2d 260, 261 (Tex. Crim.
App. 1964) (op. on reh'g). "Ordinarily, [venue] refers to a county and determines the county or
counties in which the State is permitted to file its charges and to prosecute them." 40 George E.
Dix and Robert O. Dawson, Criminal Practice and Procedure, § 2.01 at p.63 (Texas Practice
1995) (hereinafter Dix). "The general principle is that venue lies in the county in which the
offense was committed and only in that county." Dix, § 2.11 at 66.

 Article III, section 45 of the Texas Constitution provides: "The power to change
venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as
shall be provided by law; and the Legislature shall pass laws for that purpose." A court cannot
change venue if the legislature has not acted. See Interpretative Commentary, Tex. Const. art.
III, § 45 (West 1993). Most change of venue rules appear in Chapter 31 of the Texas Code of
Criminal Procedure. This "[c]ode also creates a general venue principle that venue should lie in
the county in which the offense was committed. That provision controls in the absence of any
special provision dealing with particular offenses or situations." Dix, § 2.07 at 65-66.

 Unlike jurisdiction, improper venue may be waived by failure to object or may be
acquired by consent. See Watson, 601 S.W.2d at 351. As noted, jurisdiction cannot be conferred
by agreement or waiver. Moreover, the factors of jurisdiction have also been mentioned. Today's
majority opinion describes the trial court's failure to order a formal change of venue as a
procedural mistake that was a statutory violation, not a constitutional one; that the defect did not
affect the trial court's jurisdiction over the case; that a transfer of venue defectively accomplished
does not raise the constitutional concerns of Stine (finding a violation of article V, section 7 of the
state constitution), and that the error was not jurisdictional. See slip. op. 9, 10, 14, 16 and 18.

 If a legal change of venue was somehow accomplished in this case prior to trial in 

Smith County, one concern would be whether this Court has jurisdiction of this appeal without a
proper order transferring the case back to Williamson County. See Tex. Code Crim. Proc. Ann.
art. 31.08(c) (West Supp. 1999). The majority opinion responds to this concern by stating:
"Because venue was never formally changed to Smith County, there is also no formal order
transferring the case back to Williamson County. As a consequence, the present appeal was
brought to this Court from Williamson County." See slip. op. 3, n.2.

 In order that the position of the dissent be fully understood, the bulk of the panel
opinion of March 12, 1998, unchanged, is adopted and incorporated as a part of this dissenting
opinion as follows: (1)


UNASSIGNED ERROR


 Independent of the points of error, we reluctantly find that we are confronted at the
outset with a question of the trial court's jurisdiction or authority to act, a question of state
constitutional dimension, evident from the face of the appellate record. The Texas Constitution
mandates that a district court "shall conduct its proceedings at the county seat of the county in
which the case is pending except as otherwise provided by law." Tex. Const. art. V, § 7. A
district court has no power to adjudicate the rights of litigants except at the time and places
prescribed by law. Lyons-Thomas Hardware Co. v. Perry Stone Mfg. Co., 27 S.W. 100, 109
(Tex. 1894); Stine v. State, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995). The record reflects
that the 277th District Court of Williamson County with the instant case pending on its docket
convened in Smith County to conduct the trial which resulted in this judgment of conviction.

 Jurisdiction is a matter of law. Bayoud v. North Cent. Inv. Corp., 751 S.W.2d 525,
528 (Tex. App.--Dallas 1988, writ denied). The question of jurisdiction is fundamental, see
Tullos v. Eaton Corp., 695 S.W.2d 568, 568 (Tex. 1985), and a lack of jurisdiction may be
questioned at any stage of the proceedings, even on appeal. Methodist Hospitals of Dallas v.
Texas Workers' Compensation Comm., 874 S.W.2d 144, 149 (Tex. App.--Austin 1994, no writ);
Lopez v. State, 756 S.W.2d 49, 51 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd). This is true
in both civil and criminal matters. Ex parte Rogers, 820 S.W.2d 35, 37 (Tex. App.--Corpus
Christi 1991, no pet.).

 While the above cited cases speak of "jurisdiction" in the terms of subject matter
jurisdiction and personal jurisdiction, it logically follows that the lack of jurisdiction may be raised
at any time where the court has both subject matter and personal jurisdiction but acts beyond its
constitutional or legal territorial boundaries or limits, or lacks the authority or power to try a case
and render a valid judgment. Moreover, having acquired jurisdiction of an appeal of a criminal
conviction, Texas courts of appeals may entertain unassigned error. Exercise of reviewing
functions is limited only by the appellate court's own discretion or valid restrictive statute. See
Carter v. State, 656 S.W.2d 468, 469-70 (Tex. Crim. App. 1983); State v. Lara, 924 S.W.2d
198, 201 n.3 (Tex. App.--Corpus Christi 1996, no pet.); see also Lopez v. State, 708 S.W.2d
446, 448 (Tex. Crim. App. 1986); Barney v. State, 698 S.W.2d 114, 123 (Tex. Crim. App.
1985); Garza v. State, 676 S.W.2d 185, 187 (Tex. App.--Corpus Christi 1984, pet. ref'd)
(holding the authority of a court of appeals to consider unassigned error in criminal cases is not
open to question); see generally, 43 George E. Dix & Robert O. Dawson, Criminal Practice and
Procedure, § 43.302 at 268 (Texas Practice 1995).


THE QUESTION PRESENTED


 The indictment upon which this conviction was obtained charged Roger Eugene
Fain with the murder of Sandra Dumont. The indictment was returned to the 277th District Court
of Williamson County and alleged that the offense occurred in Williamson County. Appellant's
trial was conducted in the 277th District Court sitting in Smith County. Appellant's conviction
resulted from the verdict of Smith County jurors. There was no formal or informal change of
venue of the cause to a district court of Smith County. The question presented is whether the
277th District Court of Williamson County, with the case still pending on its docket, could
constitutionally and legally sit and try the case in Tyler, the county seat of Smith County, rather
than in Georgetown, the county seat of Williamson County. (2)

 Because of our concern about this unusual procedure, we requested supplemental
briefs from the parties addressing the following questions:


Was there a formal change of venue to Smith County? If so, does this Court have
jurisdiction of the appeal in the absence of an order returning to Williamson
County? See Tex. Code Crim. Proc. art. 31.08 (West Supp. 1998).


If there was no formal change of venue, did the 277th District Court violate article
V, section 7 of the Texas Constitution by trying the cause in Smith County? If
there was a constitutional violation, were the proceedings void? [citations omitted].



From our study of the record, the supplemental briefs, and the law, we conclude that there was
no change of venue. We are further compelled to conclude that by trying the case in Smith County
without a change of venue, the Williamson County district court violated the constitution and its
proceedings were void.


PROCEDURE FOLLOWED


 The original indictment in cause 94-671-K277 was returned on September 6, 1994. 
On November 2, 1994, the trial court conducted a hearing on appellant's motion for a change of
venue and took the matter under advisement. The next day the trial court made a docket sheet
entry that the motion was granted and that "the court will look to the adjoining judicial districts
for an available facility in late February or early March 1995."

 On December 12, 1994, the trial court announced it had an order changing venue
of the cause to Smith County. After some discussion, the trial court indicated it would render the
order after the beginning of 1995 when appellant brought the issue "back to court." On January
23, 1995, appellant and the State executed an instrument labeled "Agreement And Consent To
Trial of Case in Smith County, Texas, Without Formal Order Transferring Venue." On the same
date the trial court signed an order directing the Sheriff of Smith County to summon 400 persons
"to appear before this Court sitting in Smith County" on March 20, 1995, at 9:00 a.m. for the
purpose of selection of a jury in the instant case. The names of the persons summoned were
ordered drawn from Smith County jury wheel. The order commenced by stating that the
agreement between the parties had been "approved" by the trial court allowing trial in Smith
County without formal transfer of venue "and with the case remaining on the docket of this
court."

 On February 23, 1995, appellant was re-indicted for murder by a Williamson
County grand jury in cause number 95-112-K277. On March 1, 1995, the trial court rendered an
order, at appellant's request, adopting all orders and rulings in former cause no. 94-631-K277. 
On March 13, 1995, the parties entered into another "Agreement and Consent To Trial of Case
In Smith County, Texas, Without Formal Order Transferring Venue." It was again "approved"
and then "ordered" by the trial court. The agreement was identical to the earlier agreement
entered on January 23, 1995, save for the word "ordered." Because of its importance, the
agreement is set out in pertinent part:


By their execution hereof, the State of Texas acting by and through its Assistant
District Attorney and the Defendant acting individually and through his attorney
of record, do stipulate, agree and enter into waivers as follows:


1. The Defendant has filed a Motion for Change of Venue. On November 2,
1994, a hearing was held on that motion. The Court heard evidence,
concluded that a change of venue was appropriate, and announced that the
request for change of venue would be granted.


2. The Defendant desires that the jury trial be conducted outside of Williamson
County, however, both parties agree that all other matters should be conducted
in Williamson County whenever possible and practicable.


3. The Court has delayed the execution of a formal order transferring venue and
that such delay has occurred at the request of and for the convenience of both
the Defendant and the State by allowing pre-trial motions and other matters to
continue to be heard in Williamson County, Texas.


4. There are pending pre-trial motions that still need to be heard and further
motions are expected.


5. The rights of the Defendant and the State will not be impaired or prejudiced
by continuing to be able to have pre-trial matters heard in Williamson County,
Texas, and both the State and the Defendant request that pre-trial matters
continue to be heard in Williamson County until the calling of the case for
trial, currently scheduled to begin on March 20, 1995.


6. In order for trial to begin as scheduled, it is necessary to have a jury panel
summoned at this time, which cannot be done unless the Court at this time
formally transfers venue to Smith County or unless the State and the Defendant
agree to a trial of the case in Smith County, Texas using a jury panel
summoned by Smith County, Texas with the case remaining a Williamson
County, Texas case.


7. Both the Defendant and the State specifically agree that the trial of the case
may be had in Smith County, Texas the same as if the court entered an order
transferring venue, but without formal transfer occurring and with the case
remaining on the docket of the court in Williamson County, Texas.


8. It is further agreed that the Sheriff, District Clerk and any District Judge of
Smith County, Texas may summon a jury panel consisting of qualified jurors
in Smith County for a trial of the case, such selection of prospective jurors to
be accomplished by the use of a random selection from the existing jury wheel
in Smith County.


9. It is further agreed that the District Clerk of Smith County may furnish to the
District Clerk of this Court, a certified copy of the list of persons summoned
as veniremen which shall be filed by the Clerk of this Court in the proceedings
herein


10. The State and the Defendant waive any and all rights to a formal transfer of
venue to Smith County and waive any and all rights to complain of the failure
of the Court to formally transfer venue to Smith County; provided that the
Defendant shall have the same rights, if any, to complain of such venue
change which he would have had if formal transfer of venue to Smith County
were done, and by the Defendant signing this document it is understood that
the Defendant is not waiving his right to complain of the transfer of venue to
Smith County provided such complaint is raised prior to trial.



(Emphasis added.)

 Also on March 13, 1995, an "Agreed Order for Venire" was signed by the judge
of the 277th District Court of Williamson County ordering the Smith County District Clerk to
summon a jury panel before the 277th District Court on March 20, 1995, for the purpose of voir
dire examination in this cause. The order commenced with the following statement:


Upon stipulation, agreement and waiver entered into by the Defendant and the State
and approved by the Court, allowing trial of this case in Smith County, Texas
without formal transfer of venue and with the case remaining on the docket of this
Court, . . .



(Emphasis added.) The order was approved as to form and substance by the parties.

 No order, formal or informal, was ever entered changing venue to a designated
district court in Smith County. The clerk's duties upon a change of venue as required by article
31.05 were not performed nor was an order entered as required by article 31.06 when the accused
is in custody as appellant was in the instant case. Tex. Code Crim Proc. Ann. arts. 31.05, 31.06
(West 1989). "The jurisdiction of the court to which the case is transferred [upon a change of
venue] depends upon the receipt of the indictment." 41 George E. Dix & Robert O. Dawson,
Criminal Practice and Procedure, § 25.106 at 688 (Texas Practice 1995). No district court in
Smith County acquired jurisdiction. The statutory procedure for a change of venue was not
followed.

 There was in fact no change of venue. The cause was never transferred; rather, the
trial court changed its location. The record shows that appellant's trial was conducted by the
277th District Court of Williamson County and its regular judge and court personnel while sitting
at Tyler, the county seat of Smith County, utilizing Smith County jurors. The cause retained its
same number and remained pending on the docket of the 277th District Court when that court
moved its base of operation outside its judicial district (3) to another county in a different
administrative judicial region. (4)

 The record does not reveal why the trial court engaged in this experimental
procedure in this highly publicized case. The agreement used is unusual and unsupported by legal
authority. It presents internal conflicts between the traditional change of venue and the action
which in reality was undertaken. In addition to having appellant agree to delay an order changing
venue, the agreement attempts to have appellant waive, although not in straightforward language,
any requirement that the 277th District Court conduct the proceedings in question at the county
seat of Williamson County. Such a waiver is not valid, and such an agreement is not a change of
venue.


JURISDICTION


 In Texas, only the constitution and the laws adopted by the legislature can grant
jurisdiction to the courts. Curry v. Wilson, 853 S.W.2d 40, 45 (Tex. Crim. App. 1993); State v.
Johnson, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991); Stine v. State, 935 S.W.2d 443, 444
(Tex. App.--Waco 1996, pet. ref'd). Jurisdiction is the authority or power conferred upon a court
by the constitution and laws of the state which allows a court to try a case and adjudicate litigants'
rights and render a judgment. See National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021,
1024 (Tex. 1943); Stine, 935 S.W.2d at 444; Skillern v. State, 890 S.W.2d 849, 859 (Tex.
App.--Austin 1994, pet. ref'd).

 District courts in Texas have original jurisdiction over all felony cases. Tex. Const.
art. V, § 8; Tex. Code Crim. Proc. Ann. art. 4.05 (West Supp. 1998); Boyle v. State, 820 S.W.2d
122, 139 (Tex. Crim. App. 1991) (citing Ex parte Watson, 601 S.W.2d 350, 351 (Tex. Crim.
App. 1980), cert. denied, 503 U.S. 921 (1992)); Skillern, 890 S.W.2d at 859. Murder is normally
a felony of the first degree. See Tex. Penal Code Ann. § 19.02(c) (West 1994). When the instant
indictment was returned and filed in the 277th District Court of Williamson County, that court
acquired jurisdiction over the subject matter of the case coupled with personal jurisdiction over
appellant. See Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). Jurisdiction not
only embraces the power to hear, but includes as well the authority to enter judgment. See Orr
v. International Bk. Of Commerce, 649 S.W.2d 769, 771-72 (Tex. App.--San Antonio 1983, no
writ); see also City of El Paso v. Madero Development, 803 S.W.2d 396, 399 (Tex. App.--El
Paso 1991, writ denied), cert. denied, 502 U.S. 1675 (1992) (there are three jurisdictional
elements: jurisdiction over subject matter; jurisdiction over person or res; and power to render
judgment or relief under the circumstances). Unless the power or authority of a court to perform
a contemplated act can be found in the constitution, the court is without jurisdiction and its acts
are without validity. State ex rel Millsap v. Lozano, 692 S.W.2d 470, 482 (Tex. Crim. App.
1985).

 Article V, section 7 of the Texas Constitution provides in pertinent part that the
district court "shall conduct its proceedings at the county seat of the county in which the case is
pending except as otherwise provided by law." This language has been held to be clear and
unambiguous and has been interpreted to be mandatory. See Stine, 908 S.W.2d at 431. The
constitutional provision has been described as a "source of some rigidity." 1 George D. Braden,
et al., The Constitution of The State of Texas, An Annotated and Comparative Analysis 406 (1977). 
Nevertheless, "the requirement is not unreasonable, promotes certainty and stability, and ensures
equal treatment for all parties." Mellon Service Co. v. Touche Ross & Co., 946 S.W.2d 862, 868
(Tex. App.--Houston [14th Dist.] 1997, no writ).

 Courts have no inherent power to ignore constitutional or statutory mandates. 
Courts are bound to follow the will of the people as it is expressed in the constitution and laws
enacted by duly elected representatives. Queen v. State, 842 S.W.2d 708, 711 (Tex.
App.--Houston [1st Dist.] 1992, no pet.). The people have the sole power to change or modify
the plain language adopted by them. Mellon Service Co., 946 S.W.2d at 867.


A TRADITIONAL REQUIREMENT


 The traditional requirement that a court should exercise its judicial function at a
fixed location dates back to the time of the Magna Carta, chapter 17, granted at Runnymede, June
15, 1215. See A. J. Thomas, Jr. and Ann Van Wynen Thomas, Interpretive Commentary, Tex.
Const. art. V, § 7 (West 1993) (hereinafter "Interpretive Commentary"); Mellon Service Co., 946
S.W.2d at 868). That tradition has been followed in Texas since the early days of the Republic. (5) 
Section 7 of article V of the 1876 Texas Constitution was amended in 1891 to add the "county
seat" requirement and was again amended in 1949 to add the exception clause.


APPLICATION OF ARTICLE V, SECTION 7


 After the 1891 constitutional amendment, Texas courts have consistently held that
the change was intended to make it quite clear that a district court was not authorized to hold court
outside the county seat in which the cause is pending. See Bridgman v. Moore, 143 Tex. 250, 183
S.W.2d 705, 708 (1944); Ex parte Lowrey, 518 S.W.2d 897, 900 (Tex. Civ. App.--Beaumont
1975, orig. proceeding); Isbill v. Stovall, 92 S.W.2d 1067, 1072 (Tex. Civ. App.--Eastland 1936,
no writ). (6) See also Mellon Service Co., 946 S.W.2d at 868. (7) Thus, a district court has no power
to adjudicate the rights of litigants except at the time and places prescribed by law. Lyons-Thomas
Hardware, 27 S.W. at 109; Stine, 908 S.W.2d at 431; Howell v. Mauzy, 899 S.W.2d 690, 699
(Tex. App.--Austin 1994, writ denied); Lowrey, 518 S.W.2d at 900. "There is no firmer
principle established in our jurisprudence." Lowrey, 518 S.W.2d at 900 (quoting from State v.
Orangefield Indep. Sch. Dist., 34 S.W.2d 823, 824 (Tex. Civ. App.--Beaumont 1961, no writ). (8) 
Unless authorized by law, a court may not convene outside its territorial limits and issue a
judgment that is binding. Yavapai-Apache Tribe v. Mejia, 906 S.W.2d 152, 167 (Tex.
App.--Houston [14th Dist.] 1995, no writ). 

 It is clear that even if a district court has acquired jurisdiction over the subject
matter, i.e., a felony, and personal jurisdiction of the accused, it has no power to adjudicate the
rights of litigants except at the time and places prescribed by law. Mauzy, 899 S.W.2d at 699. 
If the district court attempts to act otherwise, its proceedings will be fundamentally defective and
any judgment or order based on these proceedings will be void. Mellon Service Co., 946 S.W.2d
at 866; Mauzy, 899 S.W.2d at 699. Jurisdiction, being a fundamental stricture on the power of
the court, cannot be conferred by agreement, consent, or waiver, where none exists. See Lemley
v. Miller, 932 S.W.2d 284, 286 (Tex. App.--Austin 1996, no writ); Gonzalez v. Sanchez, 929
S.W.2d 218, 221 (Tex. App.--El Paso 1996, no writ); Mauzy, 899 S.W.2d at 699; Isbill, 92
S.W.2d at 1071.

 Mellon Service Company and Mauzy are recent examples of how strictly the
constitutional provision has been applied in civil cases. Stine, 908 S.W.2d at 433, represents its
application to a criminal case. In Mellon, a visiting judge was assigned to hear a consolidated suit
involving several cases in the 333rd District Court of Harris County. Later the same judge, while
sitting as a visiting judge in the 122nd District Court of Galveston County, with the agreement of
parties, heard oral argument on motion for partial summary judgment in the Harris County suit. 
At the Galveston hearing, the judge granted leave to file an affidavit of an individual. Thereafter,
the rest of the proceedings were completed in Harris County. On appeal appellant claimed that
there had been a violation of article V, section 7 of the state constitution. The Court of Appeals
agreed, holding that the trial court's proceedings were fundamentally defective and any order
based thereon was void because the trial court sat outside its jurisdictional geographic area. The
defect in jurisdiction could not be cured by the consent of the parties. Mellon Service Co., 946
S.W.2d at 866, 870.

 In Mauzy, Judge Guy Jones of the 202nd District Court of Bowie County was
assigned to preside over a case in the 134th District Court of Dallas County. With the consent of
the parties, the court convened a hearing at New Boston in Bowie County on Mauzy's plea in
abatement and motion to transfer venue in the Dallas County case. The Dallas case was abated
and transferred to Travis County by order of Judge Jones. These orders were held void because
the court violated article V, section 7 and had no authority to conduct in Bowie County
proceedings connected with the Dallas County suit. Mauzy, 899 S.W.2d at 699-700.

 In Stine, the defendant was indicted for attempted murder but was convicted by a
jury of the lesser-included offense of aggravated assault. The trial commenced in Meridian, the
county seat of Bosque County, but during trial, with the agreement of the parties, the testimony
of the complainant and a doctor was taken in the same county at a hospital in Clifton. The
remainder of the trial was conducted at the courthouse in Meridian. The Waco Court of Appeals
in an unpublished opinion reversed the conviction, holding that article V, section 7 requirement
of location is considered jurisdictional and that the parties by agreement cannot confer jurisdiction
for the court to sit outside the county seat. The judgment of the court of appeals was affirmed by
the Court of Criminal Appeals. Stine, 908 S.W.2d at 433. Although only part of the trial
proceedings were conducted outside the county seat, the entire court proceeding was void. (9) The
factual situation in the instant case presents a far more flagrant violation of the constitution
provision than Stine, Mauzy, or Mellon Service Company


EXCEPTIONS


 This judgment of conviction can be saved only if it falls under an exception to the
requirements of article V, section 7. The language "except as otherwise provided by law" was
added to the constitutional provision in 1949 "to permit the legislature to confer greater flexibility
in cases pending in districts embracing two or more counties." Interpretive Commentary, Tex.
Const. art. V, § 7 (West 1993). The change resulted from the decision in Isbill, 92 S.W.2d at
1072. See also Mauzy, 899 S.W.2d at 699; Barnhart Indep. Sch. Dist. v. Mertzon Indep. Sch.
Dist., 464 S.W.2d 197, 201 (Tex. Civ. App.--Austin 1971, writ ref'd n.r.e.). The current
statutory exception pertains only to multi-county districts. See Tex. Gov't Code Ann. § 24.017
(West 1988). It has no application to this cause.

 The statutory procedure for change of venue, Tex. Code Crim. Proc. Ann. art.
31.01, et seq. (West 1989), is not an exception to article V, section 7. Its forerunners long
predated the 1949 amendment and the statutes relating to the change of venue of a cause do not
authorize a district court to sit elsewhere than the county seat. We know of no exception
applicable to the peculiar circumstances of this proceeding.

 We are aware, of course, of the provisions of article 31.09 of the Texas Code of
Criminal Procedure which provide:


(a)  If a change of venue in a criminal case is ordered under this chapter, the judge
ordering the change of venue may, with the written consent of the prosecuting
attorney, the defense attorney, and the defendant, maintain the original case
number on its own docket, preside over the case, and use the services of the court
reporter, the court coordinator, and the clerk of the court of original venue. The
court shall use the courtroom facilities and any other services or facilities of the
district or county to which venue is changed. A jury, if required, must consist of
residents of the district or county to which venue is changed.


(b)  Notwithstanding Article 31.05, the clerk of the court of original venue shall:

 (1)  maintain the original papers of the case, including the defendant's bail
bond or personal bond;

 (2)  make the papers available for trial; and;

 (3)  act as the clerk in the case.



Tex. Code Crim. Proc. Ann. art. 31.09 (West Supp. 1998). This statute, however, did not
become effective until September 1, 1995; appellant was tried in March 1995. In fact, H.B. 2949
enacting the statute had not passed either the House or the Senate at the time of trial. Act of May
27, 1995, 74th Leg., R.S., ch. 651, § 2, 1995 Tex. Gen. Laws 3535, 3536. Moreover, H.B.
2949 expressly provides that a criminal case in which the indictment is presented before the
effective date of the act will be governed by the law in effect at the time of the indictment's
presentation. See H.B. 2949, §§ 2, 3, 1995 Tex. Gen. Laws 3535. (10)


HARMLESS ERROR


 In all the civil cases in which there was a violation of article V, section 7 of the
statute constitution, the judgments, orders, or rulings were declared void. No harm analysis was
considered. In Stine, a criminal case, the State argued that if the violation of article V, section 7
was error, it was harmless beyond a reasonable doubt under Rule 81(b)(2) of the Texas Rules of
Appellate Procedure. The Court of Criminal Appeals responded: "Because the language of art.
V, § 7 is clear and unambiguous, we interpret it to be mandatory, non-waivable, (11) and thus no
harm analysis need be done." Stine, 908 S.W.2d at 431 (emphasis added). The court declared 
the constitutional provisions "are absolute systemic requirements which are not forfeitable per
Marin v. State, 851 S.W.2d 275, 279-80." Stine, 908 S.W.2d at 432. (12)

 On August 15, 1997, the Court of Criminal Appeals approved the new rules of
appellate procedure, effective September 1, 1997. See Misc. Docket No. 97-9139 (Tex. Crim.
App., August 15, 1997). The order expressly provides that the new rules apply to appeals pending
on September 1, 1997, unless their application in a particular proceeding would not be feasible or
would work an injustice. Rule 44.2(a) relating to "constitutional error" is the same as former
Rule 81(b)(2), and it would appear that the Stine holding would be applicable regardless of which
rule is utilized.

 Since Stine, there have been some erasures on the blackboard outlining harmless
error analysis. The legibility of that blackboard is not as clear as it once was. Matchett v. State,
941 S.W.2d 922 (Tex. Crim. App. 1996), disavowed Marin's suggestion that there need be no
harm analysis when a mandatory statute is violated regardless of the particular circumstances. Id.
at 928. Matchett dealt with the failure of the trial court in a felony case to follow the mandatory
provisions of article 26.13(a)(4) and admonish the defendant upon his plea of guilty or nolo
contendere that if the defendant was not a citizen of the United States his plea may result in
deportation, exclusion from the country, or denial of naturalization under federal law. See Tex.
Code Crim. Proc. Ann. art. 26.13(a)(4) (West 1989). The error was subjected to a harm analysis
and found harmless in light of the fact the defendant was a United States citizen.

 In Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997), the court was again
confronted with the same failure to admonish and same factual situation as in Matchett. Going
beyond Matchett, however, the court decreed that all errors are subject to a harmless error
analysis under Rule 81(b)(2). Cain, 947 S.W.2d at 264. "Except for certain federal constitutional
errors labeled by the United States Supreme Court as structural, (13) no error, whether it relates to
jurisdiction, voluntariness of a plea, or any other mandatory requirement is categorically immune
to a harmless error analysis." Id. After painting with a broad brush, the court observed that "it
may be true that some kinds of error (particularly jurisdictional ones) will never be harmless under
the Rule 81(b)(2) test." Id.

 The state constitutional error here involved is not subject to a meaningful harmless
error analysis. The violation of article V, section 7 resulted in proceedings that were a nullity and
a judgment that was void. We do not construe Cain as mandating that we perform a harmless
error analysis under the circumstances. There should be one rule for civil and criminal cases
involving the same constitutional defect which renders the judgment void. Courts cannot question
or vary from constitutional mandates. They are not free to question the wisdom of our
constitution, but must give full effect to its plain meaning. The people have the sole power to
change or modify the plain language adopted by them. See Mellon Service Co., 946 S.W.2d at
867. If it could be said that a harmless error analysis is possible where the judgment is void, we
certainly cannot say beyond a reasonable doubt that the error in this proceeding did not contribute
either to the conviction or the punishment. See Tex. R. App. P. 44.2(a).


CONCLUSION


 The 277th District Court of Williamson County acted in violation of article V,
section 7 of the Texas Constitution by conducting appellant's trial outside the county seat of
Williamson County. The trial court did not lose subject matter or personal jurisdiction, but it
lacked authority and power to adjudicate the rights of the parties when it conducted the trial in
Smith County beyond its territorial limits. As a result, the trial was a nullity and the judgment
rendered is void. Mejia, 906 S.W.2d at 167. The constitutional mandate may not be set aside by
consent or agreement. See Stine, 908 S.W.2d at 430. Article V, section 7 is mandatory and non-waivable. Stine, 908 S.W.2d at 433. The error is not subject to harmless error analysis but if it
were, we would hold that the error is harmful. 

 The foregoing concludes the panel opinion on original submission. For all the
reasons stated, therein and earlier, I respectfully dissent to the affirmance of this conviction. Chief
Justice Aboussie and Justice Powers join in this dissent.



 

 John F. Onion, Jr., Justice

Before Chief Justice Aboussie, Justices Powers, Jones, Kidd, B. A. Smith, Yeakel and Onion*

Filed: December 17, 1998

Publish
































 * Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The commencement of the panel opinion is eliminated because the same information is
now contained in today's majority opinion. It will be apparent that the panel opinion was writing
as a majority opinion. Particularly, the use of the word "We" should be understood as meaning
the "dissent." No effort will be made to update any citation later than March 12, 1998.
2. The original briefs were silent as to the fact that the instant case was tried in Smith
County. During oral argument before this Court, that fact was acknowledged. Assuming a
change of venue, we inquired whether a post-trial order was entered returning the cause to the
original county where the indictment had been filed. See Tex. Code Crim. Proc. Ann. art. 31.08
(West Supp. 1998). The State's attorney assured this Court that such an order was in the appellate
record. Subsequently, no such order was found in the record, and the District Clerk of
Williamson County has now certified to this Court that no such order appears in the record of
appellant's case. The State's attorney has admitted that his earlier statement was in error, and that
only a pretrial order was entered. If there had been a change of venue without such an order, the
jurisdiction of this appeal would be in the Twelfth District Court of Appeals at Tyler. See Tex.
Code Crim. Proc. Ann. art. 31.08(3) (West Supp. 1998).
3. The 277th Judicial District is composed of only Williamson County. See Tex. Gov't
Code Ann. § 24.454(a) (West Supp. 1998). The current code is cited for convenience. The
applicable law is Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720,
1782 (Tex. Gov't Code § 24.454(a), since amended, but unchanged).
4. Smith County is a part of the First Administrative Judicial Region, Tex. Gov't Code
Ann. § 74.042(b) (West 1998), while Williamson County is part of the Third Administrative
Judicial Region. Tex. Gov't Code Ann. § 74.042(d) (West 1998).
5. See Republic of Texas Const. 1836, art. V, § 2; Tex. Const. 1848, art. IV, § 6; Tex.
Const. 1861, art. IV, § 6; Tex. Const. 1869, art. IV, § 6; Tex. Const. 1876, art. V, § 7.
6. See also Whitner v. Belknap, 89 Tex. 273, 34 S.W. 594, 596 (1896) (holding
unconstitutional a statute creating a Bowie County district-like court in Texarkana instead of the
county seat in New Boston); Turner v. Tucker, 113 Tex. 434, 258 S.W. 149, 150 (1924) (holding
unconstitutional a statute creating the Texarkana Court at Law with district court jurisdiction
requiring the court to sit in Texarkana rather than the county seat).
7. The "county seat" has been held to be the place where the county courthouse is located. 
Id.
8. There is another basis for the constitutional requirement: all courts shall be open and it
is for that reason that time and place are prescribed by law for its sessions. Isbill, 92 S.W.2d at
1070. "If the court proceedings were to be held wherever the judge or parties thought it
necessary, not only would the Texas Constitution be violated, but the general public would be
greatly harmed because it would lose the right to a public trial provided by law." Stine, 908
S.W.2d at 431. Moreover, while it certainly did not happen in the instant case, the news media
might find it difficult to locate the site of the trial for the purpose of reporting on a public trial. 
These constitutional safeguards benefit the public, the press, and even the parties to a lawsuit. 
Without these restrictions future trials, perhaps involving politically sensitive matters, influential
people, or defendants without supporters, could be disposed of at the scene of the crime, the home
of the victim, behind the closed doors of a law firm [Clinton ex rel Richardson v. Cornell, 191
Okla. 600, 132 P.2d 340, 341 (1942)], or in the far reaches of the state.
9. Cf. Bridgman, 183 S.W.2d at 708.
10. In determining that article 31.09 is not applicable to this case, we do not address
whether the statute is a valid exception to the provisions of article V, section 7 or pass on the
constitutionality of the statute. These questions await another day.
11. As noted earlier, it is fundamental that parties to a lawsuit can neither confer or waive
jurisdiction by agreement or consent. See Stine, 908 S.W.2d at 431. Article 1.14(a) pertains only
to the waiver of rights by a defendant in a criminal prosecution of "any rights secured him by
law." Tex. Code Crim. Proc. Ann. art. 1.14(a) (West Supp. 1998) (emphasis added). The statute
is inapplicable to the situation presented in the instant case.
12. In view of its holding, Stine did not mention the civil cases holding void those judgments 
obtained in violation of the constitutional provision.
13. See Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991).


stood as meaning
the "dissent." No effort will be made to update any citation later than March 12, 1998.
2. The original briefs were silent as to the fact that the instant case was tried in Smith
County. During oral argument before this Court, that fact was acknowledged. Assuming a
change of venue, we inquired whether a post-trial order was entered returning the cause to the
original county where the indictment had been filed. See Tex. Code Crim. Proc. Ann. art. 31.08
(West Supp. 1998). The State's attorney assured this Court that such an order was in the appellate
record. Subsequently, no such order was found in the record, and the District Clerk of
Williamson County has now certified to this Court that no such order appears in the record of
appellant's case. The State's attorney has admitted that his earlier statemen