44

BETTY KIRK ET AL V. EUNICE HEAD ET AL.

No. 7671. Decided June 18, 1941.
(152 S. W., 2d Series, 726.)

*Houtchens & Houtchens, Robert V. Weddell, Ardell M. Young, J. Harold Craik* and *Clark, Craik, Burns & Weddell,* all of Fort Worth, for plaintiff in error.

It was error for the Court of Civil Appeals to overrule appellant's proposition to the effect that since it appeared from the undisputed evidence that there were numerous claims against the estate of Mary C. Walling, which had accumulated as a result of many transactions over a period of years, an administration on said estate was necessary as a matter of law

and the district court was without jurisdiction to pass upon the validity of such claims or sit as a probate court in administering said estate. It was error for said court not to sustain appellant's assignment placing the burden of proof upon the nominated plaintiffs to prove that there was no necessity for administration upon said estate. Vivier v. Barreda, 110 S. W. (2d) 1233; Williams v. Tooke, 116 S. W. (2d) 1114; Ragsdale v. Prather, 132 S. W. (2d) 625.

*Austin F. Anderson,* of Fort Worth, for defendants in error.

On the question of abandoned pleading being submitted in evidence: Grief v. Seligman, 82 S. W. 533; National Cattle Loan Co. v. Armstrong, 8 S. W. (2d) 767.

MR. JUSTICE CRITZ delivered the opinion of the Court.

The opinion of the Court of Civil Appeals makes a complete detailed statement of the facts and issues of this case. In the interest of brevity we refer to and adopt the same. 132 S. W. (2d) 125.

This is a land partition suit. It was filed in the District Court of Tarrant County, Texas, by Betty Kirk and several other joint owners of the estate of Mary C. Walling, deceased, against Ollie Hurst and several other joint owners of such estate, to partition the same. The suit was filed and tried during the four year administration period fixed by our probate statutes. The Walling estate consists of a lot in Fort Worth, Tarrant County, Texas, and 275 acres of land in LaSalle County, Texas. Betty Kirk and Ollie Hurst each asserted a claim against the Walling estate, and prayed it be allowed by the court and fixed as a lien.

On final trial in the district court, Betty Kirk's claim, in the sum of $278.25, and Ollie Hurst's claim, in the sum of $2138.48, were allowed and fixed as liens. The lands were ordered sold by receiver, and the proceeds divided among seven heirs, after the payment of the two claims above indicated. On appeal by Betty Kirk et al. to the Court of Civil Appeals at Fort Worth, the judgment of the district court was affirmed. Betty Kirk et al bring error.

1 By their first assignment of error plaintiffs in error contend that the existence of the two claims above described, and their assertion in the district court, deprived that court of jurisdiction to try this case during the four year administration period prescribed by our probate statutes for the taking out of administration on the estate of a decedent. It is settled that the

district court is without jurisdiction to partition an estate of a deceased person within four years after the death of such person, unless it is pleaded and proved that no administration is pending on such estate, and that none is necessary. 13 Tex. Jur., 613; Youngs v. Youngs (Com. App.), 26 S. W. (2d) 191; Cyphers v. Birdwell (Civ. App., writ refused), 32 S. W. (2d) 937. In spite of this rule, we think that the Betty Kirk and Ollie Hurst claims did not deprive the district court of jurisdiction in this case. They were part owners of the estate sought to be partitoined, and parties to such proceedings. Article 6082, R. C. S. 1925, provides that any joint owner or claimant of real estate, or any interest therein, may compel a partition thereof. Article 6083 provides that such joint owner or claimant may file a petition in the district court. Such Article also defines what such petition shall contain. Article 6086 provides that upon a hearing of the cause the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided. Also, such Article provides that the court shall determine all questions of law or equity affecting the title to such land which may arise. To our minds, such statutes fully authorize the district court to partition the lands belonging to the estate of a deceased person within the four years' administration period, if it is shown that no administration is pending and that none is necessary. It is shown that the estate owes no debts, it is thereby shown that no administration is necessary. In this connection, we think that where it is shown that the only debts or claims owing by an estate are debts or claims owing to the joint owners thereof, the district court, in a partition suit between such joint owners brought within the four years' administration period, can adjust such debts or claims in such partition proceedings. This is because the statute (Article 6086) expressly authorizes the district court to determine all questions of law or equity affecting the title. Moore v. Moore (Civ. App.), 31 S. W. 532, Id., 89 Texas 29, 33 S. W. 217.

It appears that Betty Kirk et al began this action in the district court by filing a petition which sought partition of the lands belonging to the Mary C. Walling estate. This petition described the lands, and asserted the claim of Betty Kirk as a lien against the same. This petition alleged that "at the time of the death of Mary C. Walling she left no will or any character of testamentary writings, and no administration has been taken out on her estate, and none is necessary, there being no debts against her estate."

**2** After the filing of the above petition, these defendants in error answered the same. Such answer contains a general demurrer and a denial of all allegations contained in the petition of Betty Kirk et al, except as may be pleaded in such answer. Such answer then alleges that: "Mary C. Walling died on or about December 23, 1935, without having executed any will, and without having provided any testamentary disposition of her said property or the payment of the above sums of money to this defendant; that there has been no administration on the estate of Mary E. Walling, deceased, and no administration therefor is necessary, because this defendant is and was the only creditor of said estate * * *." This answer sets up the cross action in favor of Ollie Hurst, wherein she asserted a claim against the estate of Mary C. Walling, and asked that it be established as a lien. This claim was made up of several different items. This pleading contains a prayer for partition, for the establishment of the Ollie Hurst claim as a lien, for the adjustment of equities, and for general and equitable relief.

After the filing of the above answer, Betty Kirk et al took a nonsuit. This action amounted to an abandonment of the suit by Betty Kirk et al as plaintiffs. Also, it amounted to an abandonment of their petition above described as a pleading in the case.

The trial court recognized that Betty Kirk et al had abandoned their original pleading, and dismissed the cause as created thereby. The trial court then directed that the case proceed with Ollie Hurst et al occupying the position of plaintiffs, and Betty Kirk et al occupying the position of defendants. Betty Kirk et al then answered the cross action of Ollie Hurst et al. This cross action contains a general demurrer and a general denial. Subject to such general demurrer, the answer of Betty Kirk et al sets up a claim in favor of Betty Kirk against the Mary C. Walling estate, and prays that it be established as a lien. The answer of Betty Kirk et al prays that Ollie Hurst et al take nothing, and that their general demurrer be sustained. In the alternative, the answer of Betty Kirk et al prays for the establishment of the alleged claim of Betty Kirk, the fixing of a lien to secure the same against the lands of the Walling estate, and for general and equitable relief. As already shown, the district court overruled the demurrers, and finally and fully tried the case. Betty Kirk was allowed a claim in the sum of $278.25. Ollie Hurst was allowed a claim in the sum of $2138.41. The estate was ordered partitioned by sale by a receiver.

By their second and third assignments of error, Betty Kirk et al contend that Ollie Hurst et al having been placed in the position of plaintiffs in the district court, it became their burden to allege and prove that the district court had jurisdicton to try this case. Betty Kirk et al then contend that Ollie Hurst et al offered no evidence to prove such jurisdiction. As already indicated, since this suit was filed and tried within four years after the death of Mary C. Walling, the district court had no jurisdiction to try it, unless it was proved that no administration was pending on the Walling estate and that none was necessary. As already shown, Ollie Hurst et al alleged the necessary jurisdictional facts in their answer. Also, as already shown, Ollie Hurst et al offered in evidence the abandoned pleading of Betty Kirk et al, which contained all necessary jurisdictional allegations. Other than the allegations of the two pleadings, there is no evidence in this record showing, or tending to show, whether or not any administration was pending on the Mary C. Walling estate, or showing, or tending to show, whether or not an administration was necessary. At this point we will note, however, that the case was tried in May, 1938, about two and one-half years after the death of Mary C. Walling. Also, we note that during the trial neither party made any contention that Mrs. Walling's estate owed any debts other than the one alleged at the trial, or that any administration was then pending.

As we interpret the opinion of the Court of Civil Appeals, it holds that the admissions or allegations contained in the abandoned pleadings of Betty Kirk et al, regarding jurisdictional matters, together with the jurisdictional allegations contained in the pleadings of Ollie Hurst et al, under all the facts of this record, constituted sufficient evidence to show jurisdiction in the district court to try this case.

Betty Kirk et al argue that potential jurisdiction is a matter of law, and cannot be conferred by agreement. We recognize that such is the rule. A court cannot render a valid judgment in a case where it has no potential jurisdiction; and where potential jurisdiction is actually lacking, it cannot be conferred by agreement of the parties. In spite of this, where potential jurisdiction is dependent on the existence of facts, the litigating parties to a cause can agree on the jurisdictional facts; and from such agreed facts the court can determine the question of jurisdiction. Maul v. Williams (Com. App., opinion approved), 69 S. W. (2d) 1107; Texas Employers' Ins. Assn. v. Wright (Com. App.), 4 S. W. (2d) 31; 11 Tex. Jur.,

p. 717, sec. 12. From the above rule we think that where the potential jurisdiction of a court to try a given case depends on certain facts, and both sides to the cause allege such facts in their pleadings, they have, in legal effect, agreed to the jurisdictional facts.

Betty Kirk et al urge that this is not a case where both parties have pleaded the necessary jurisdictional facts; because their pleadings, which contained allegations showing potential jurisdiction, had been abandoned as pleadings before this case was tried. It is the general rule that the pleadings in a particular case, for the purpose of use as such in that case, are to be regarded as judicial admissions, rather than just ordinary admission. Texas Law of Evidence, McCormich & Ray, p. 640. It is also the general rule that when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, and therefore ceases to be a judicial admission. It follows that any admission contained in an abandoned pleading ceases to be binding on the pleader, in the sense that he is prevented from disproving facts alleged therein. Such pleading, however, still remains a statement seriously made, and it can be introduced in evidence as an admission. Texas Law of Evidence, McCormich & Ray, p. 642.

In the case at bar the original pleading of Betty Kirk et al invoked the jurisdiction of the district court by a petition which contained all necessary jurisdictional allegations. The other side was brought into court on such pleading, and answered same by a pleading which in effect agreed to the jurisdictional allegations of the petition of Betty Kirk et al. The case then stood on the docket with a full agreement as to jurisdictional facts. The original plaintiffs then abandoned their original pleading, and filed a pleading that did not contain any allegations of jurisdictional facts; but such plaintiffs did not offer any evidence on such question. The abandoned pleading was offered in evidence. It contained a statement seriously made, alleging and admitting facts constituting jurisdiction. Under such a record, we are constrained to hold that the Court of Civil Appeals did not err in its ruling regarding the legal sufficiency of the proof contained in this record to show jurisdiction.

By their fourth assignment of error Betty Kirk et al contend that the Court of Civil Appeals erred in holding that the trial court did not err in giving a peremptory charge to the jury in favor of Ollie Hurst as regarding her claim against the

Mary C. Walling estate. By their fifth assignment of error Betty Kirk et al contend that the Court of Civil Appeals erred in holding that the pleadings of Ollie Hurst et al regarding the claim of Ollie Hurst, and the evidence offered thereon, were not too vague and indefinite to sustain a finding in her favor thereon. By their sixth and final assignment of error Betty Kirk et al contend that the Court of Civil Appeals erred in holding that there is evidence in this record to sustain the finding of the trial court that these lands are not susceptible of partition in kind. To our minds, the opinion of the Court of Civil Appeals correctly disposes of all of these assignments. No good purpose would be served by further discussion here.

The judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion delivered June 18, 1941.