TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-97-00264-CV






Bobby H. Luna, Appellant




v.




Ethicon, Inc., Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-95-1163-C, HONORABLE BARBARA WALTHER, JUDGE PRESIDING





 Ethicon contends in a motion for rehearing that we lack jurisdiction over the appeal. We
disagree.

 The trial judge signed on December 18, 1996, her order granting summary judgment in
favor of Ethicon. Assuming Luna received proper notice of the judgment, he had thirty days after that
date--until January 17, 1997--to either file a motion for new trial or perfect an appeal. See Former Tex.
R. App. P. 41(a)(1) (now Tex. R. App. P. 26.1); Tex. R. Civ. P. 329b(a).

 On January 28, 1997, forty-one days after the order was signed, Luna had not yet taken
any action. On that day, however, Luna's attorney filed a motion alleging he did not receive notice of the
signed judgment until January 24, 1997, (1) and asking for an extension of time pursuant to Texas Rule of Civil
Procedure 306a. The trial judge granted the motion and rendered an agreed order establishing the date
of notice as January 24, 1997, and establishing the procedural timetables from that date.

 If a party does not receive notice of a judgment or appealable order within twenty days
after it is signed, Texas Rule of Civil Procedure 306a allows for an extension of the procedural timetables.
See Rule 306a(4). (2) The rule states as follows:


In order to establish the application of [an extension], the party adversely affected is
required to prove in the trial court, on sworn motion and notice, the date on which the
party or his attorney first either received a notice of the judgment or acquired actual
knowledge of the signing and that this date was more than twenty days after the judgment
was signed.



Id. 306a(5). If the date of notice is shown in the trial court, the procedural timetables run from that date;
thus, the timetables in this case would start from January 24, 1997, although the judgment was actually
signed on December 18, 1996. See id. 306a(4).

 In order to obtain the extension, a movant must establish the applicability of the rule by
proving in the trial court the date on which he or his attorney first acquired notice of the judgment. See
Vineyard Bay Dev. Co. v. Vineyard on Lake Travis, 864 S.W.2d 170, 172 (Tex. App.--Austin 1993,
writ denied). Compliance with the rule is a jurisdictional prerequisite. Unless a party proves in the trial
court the earliest date on which he or his attorney acquired notice, the court may not grant the motion. See
Memorial Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987).

 Luna's attorney averred in his motion that January 24, 1997 was the first date on which
the attorney received notice of the judgment. The motion, however, did not state any date on which Luna
received notice. Ethicon argues because the motion failed to negate the possibility that Luna himself
acquired actual notice of the judgment before January 24, 1997, the motion failed to establish the
applicability of Rule 306a.

 Ethicon reasons that because the motion was defective, and because compliance with Rule
306a is a jurisdictional prerequisite, the trial court had no jurisdiction to grant the motion. Consequently,
the trial court's jurisdiction expired January 17, 1997, thirty days after the judgment was actually signed. 
As a consequence, Luna's motion for new trial and notice of appeal, filed after January 17, were untimely. 
We assume Luna's motion was defective for the reasons claimed. We believe, however, the trial court
properly granted Luna's motion nevertheless.

 The trial-court order, establishing the date of earliest notice as January 24, 1997, is an
agreed order signed by Luna and Ethicon's attorneys and made a part of the record herein. A stipulation
is "an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys
respecting some matter incident thereto." Ortega-Carter v. American Int'l Adjustment Co., 834 S.W.2d
439, 441-42 (Tex. App.--Dallas 1992, writ denied). Counsel for both parties signed the stipulation and
thereby judicially admitted that January 24, 1997, was the proper date from which the procedural
timetables should run.

 The trial court accepted the stipulation and it thereby became conclusive on the issue of
when Luna or his attorney first received notice of the judgment. See Shepherd v. Ledford, 41 Sup. Ct.
J. 333, 336 (Jan. 29, 1998); Herschbach v. City of Corpus Christi, 883 S.W.2d 720, 733 (Tex.
App.--Corpus Christi 1994, writ denied) (citing Hennigan v. I.P. Petroleum Co., 858 S.W.2d 371, 372
(Tex.1993)) (stating that a "true judicial admission is a formal waiver of proof usually found in . . . the
stipulations of the parties"); see also 83 C.J.S. Stipulations § 25 (Supp. 1997) (a stipulation of material
fact is treated as evidence in the nature of an admission). Facts that are alleged by both parties or admitted
in trial pleadings are established as a matter of law and do not require further proof. See Gevinson v.
Manhattan Constr. Co., 449 S.W.2d 458, 466 (Tex. 1969); Canales v. Bank of California, 316
S.W.2d 314, 318 (Tex. Civ. App.--Eastland 1958, writ ref'd n.r.e.).

 Ethicon argues, however, the stipulation had no effect because parties cannot confer
jurisdiction by agreement. See Gonzalez v. Sanchez, 927 S.W.2d 218, 222 (Tex. App.--El Paso 1996,
no writ). It is well-established that subject-matter jurisdiction, being a fundamental stricture on the power
of the court, cannot be conferred by agreement or waiver where none exists. Kirk v. Head, 152 S.W.2d
726, 728-29 (Tex. 1941). But where a trial court potentially has jurisdiction, and the invocation of that
jurisdiction is dependent on the existence of facts, the litigating parties to a cause can agree on the facts
necessary to jurisdiction. See id. From such agreed facts the court can determine the existence of its
jurisdiction. Id. Ethicon judicially admitted facts that established the trial court's jurisdiction and is
estopped from now claiming the contrary. See id.

 Ethicon's stipulation allowed the court to make the required finding that neither Luna nor
his attorney received notice of the judgment before January 24, 1997. The court's extension of time on
the basis of that stipulation was not error. Luna filed a timely motion for new trial on February 24, 1997
and a timely notice of appeal thereafter. We overrule Ethicon's motion for rehearing, there being no merit
to the other matters raised therein.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Appellee's Motion for Rehearing Overruled

Filed: May 7, 1998

Do Not Publish

1. Rule 306a(3) states that when an appealable order is signed, the clerk of the court shall
immediately give notice to the parties or their attorneys of record by first-class mail advising that the
judgment or order was signed. See Tex. R. Civ. P. 306a(3).
2. Former Rule of Appellate Procedure 5(b) provided an essentially parallel exception. See Former
Tex. R. App. P. 5(b)(4) (since amended and codified at Texas Rule of Appellate Procedure 4.2(a)(1)).


ish the
applicability of Rule 306a.

 Ethicon reasons that because the motion was defective, and because compliance with Rule
306a is a jurisdictional prerequisite, the trial court had no jurisdiction to grant the motion. Consequently,
the trial court's jurisdiction expired January 17, 1997, thirty days after the judgment was actually signed. 
As a consequence, Luna's motion for new trial and notice of appeal, filed after January 17, were untimely. 
We assume Luna's motion was defective for the reasons claimed. We believe, however, the trial court
properly granted Luna's motion nevertheless.

 The trial-court order, establishing the date of earliest notice as January 24, 1997, is an
agreed order signed by Luna and Ethicon's attorneys and made a part of the record herein. A stipulation
is "an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys
respecting some matter incident thereto." Ortega-Carter v. American Int'l Adjustment Co., 834 S.W.2d
439, 441-42 (Tex. App.--Dallas 1992, writ denied). Counsel for both parties signed the stipulation and
thereby judicially admitted that January 24, 1997, was the proper date from which the procedural
timetables should run.

 The trial court accepted the stipulation and it thereby became conclusive on the issue of
when Luna or his attorney first received notice of the judgment. See Shepherd v. Ledford, 41 Sup. Ct.
J. 333, 336 (Jan. 29, 1998); Herschbach v. City of Corpus Christi, 883 S.W.2d 720, 733 (Tex.
App.--Corpus Christi 1994, writ denied) (citing Hennigan v. I.P. Petroleum Co., 858 S.W.2d 371, 372
(Tex.1993)) (stating that a "true judicial admission is a formal waiver of proof usually found in . . . the
stipulations of the parties"); see also 83 C.J.S. Stipulations § 25 (Supp. 1997) (a stipulation of material
fact is treated as evidence in the nature of an admission). Facts that are alleged by both parties or admitted
in trial pleadings are established as a matter of law and do not require further proof. See Gevinson v.
Manhattan Constr. Co., 449 S.W.2d 458, 466 (Tex. 1969); Canales v. Bank of California, 316
S.W.2d 314, 318 (Tex. Civ. App.--Eastland 1958, writ ref'd n.r.e.).

 Ethicon argues, however, the stipulation had no effect because parties cannot confer
jurisdiction by agreement. See Gonzalez v. Sanchez, 927 S.W.2d 218, 222 (Tex. App.--El Paso 1996,
no writ). It is well-established that subject-matter jurisdiction, being a fundamental stricture on the power
of the court, cannot be conferred by agreement or waiver where none exists. Kirk v. Head, 152 S.W.2d
726, 728-29 (Tex. 1941). But where a trial court potentially has jurisdiction, and the invocation of that
jurisdiction is dependent on the existence of facts, the litigating parties to a cause can agree on the facts
necessary to jurisdiction. See id. From such agreed facts the court can determine the existence of its
jurisdiction. Id. Ethicon judicially admitted facts that established the trial court's jurisdiction and is
estopped from now claiming the contrary. See id.

 Ethicon's stipulation allowed the court to make the required finding that neither Luna nor
his attorney received notice of the judgment before January 24, 1997. The court's extension of time on
the basis of that stipulation was not error. Luna filed a timely motion for new trial on February 24, 1997
and a timely notice of appeal thereafter. We overrule Ethicon's motion for rehearing, there being no merit
to the other matters raised therein.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Appellee's Motion for Rehearing Overruled

Filed: May 7, 1998

Do Not Publish

1. Rule 306a(3) states that when an appealable order is signed, the clerk of the court shall
immediately give notice to the parties or their attorneys of record by first-class mail advising that the
judgment or order was signed. See Tex