Opinion issued August 12, 2004
 















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00445-CV




KAREN LYN FRENCH, NANCY FRENCH, & KENNETH FRENCH,
Appellants

V.

MARVIN LEROY MOORE, Appellee




On Appeal from County Court at Law Number One
Harris County, Texas
Trial Court Cause No. 775,792




O P I N I O N

          Appellants Karen Lyn French, Nancy French, and Kenneth French contend that
a Harris County Court at Law lacked subject matter jurisdiction over this lawsuit,
because the amount in controversy exceeds the $100,000 jurisdictional limit of that
court. In the event jurisdiction exists, they challenge the legal sufficiency of the
evidence supporting the trial court’s judgment in favor of appellee Marvin Moore. 
We conclude that the trial court had jurisdiction, affirm in part, and reverse and
render in part.The Facts
          Kenneth and Nancy French are husband and wife. They have two daughters,
Karen French and Sandra Boyd. Marvin Moore is Sandra Boyd’s ex-husband. While
Moore and Boyd were married, they encountered financial trouble. Kenneth, Nancy,
and Karen French loaned the couple money to assist them with the operation of their
business, Moore Moving Systems, and to assist them with their personal expenses. 
Moore “wanted to expand [the business] and get it out of [their] house.” Kenneth and
Nancy French owned two pieces of real property located at 17847 Huffsmith
Kohrville (“the warehouse property”) and 18304 Huffsmith Kohrville (“the office
property”), and personal property located on those properties. According to Moore,
he entered into a partnership with Kenneth and Nancy French. Their oral agreement
provided that Kenneth and Nancy would contribute cash and their warehouse and
office property to the partnership. Moore in turn would improve and maintain the
warehouse and office property, and pay the utilities and taxes assessed on it. Moore
testified at trial that he built a fence, a parking lot, and the “main shell” of the
building on the warehouse property, and that the Frenches agreed to “finish out
everything.” Moore completed the improvements in the spring of 1999. Moore
testified that the parties also agreed to expand Moore Moving by developing the
Frenches’ office property. Thereafter, Moore and Boyd sold their home and invested
some of the proceeds of that sale into the office property. The couple divorced in July
2002.
          Approximately one week after the divorce became final, the Frenches
demanded Moore’s key to the warehouse property, and informed him that he had no
right to enter the property.


 Two police officers escorted Moore from the property.
Within several days, Moore sued Nancy and Kenneth French in the Harris County
Court at Law, alleging wrongful eviction, breach of contract, conversion, and fraud
– all in connection with the warehouse property. Moore also sued his ex-sister-in-law, Karen French, for conversion and unjust enrichment, in a dispute over ownership
of a tractor. Kenneth and Nancy French countered by filing two forcible entry and
detainer actions in the justice court, asking the court to remove Moore from the office
and warehouse property. The justice court awarded possession of both properties to
Kenneth and Nancy French.
          The parties agreed to consolidate Moore’s appeal of the justice court rulings
with Moore’s county court at law suit. Moore then filed a supplemental petition, in
which he added damages for claims arising out of the office property. The Frenches
counterclaimed, asserting causes of action for breach of contract, conversion,
quantum meruit, unjust enrichment, and negligence.
          The parties waived their right to a jury, and proceeded to a bench trial. The
trial court found no partnership existed, but found against Kenneth and Nancy French
on Moore’s unjust enrichment and wrongful eviction claims. It awarded Moore
damages of $60,000 for unjust enrichment and $5,000 for wrongful eviction. The
trial court included another $45,000 for Moore in attorney’s fees. In addition, the
trial court found Karen French liable to Moore for conversion, and awarded $18,000
in damages. Finally, the trial court found Moore liable to Kenneth French on his
counterclaim, and awarded French $6,000 in damages for unjust enrichment. The
trial court also determined that Kenneth French owned a trailer, and that Karen
French owned an Agmeier Box Scrapper and a Modern Stand Post Digger. It thus
ordered Moore to transfer possession of that personal property to Kenneth and Karen
French, respectively. The trial court ordered Moore to relinquish possession of the
warehouse and office properties, and to release all lis pendens he had filed on the
property. It denied all other relief, including the Frenches’ claim for attorney’s fees.
 
Jurisdiction and the Amount in Controversy
          The Frenches contend that the county court at law lacked jurisdiction over this
case because the amount in controversy for Moore’s aggregate claims against
Kenneth and Nancy French exceeds the trial court’s $100,000 jurisdictional limit. In
resolving this issue, we consider (1) the standard of review for a challenge to
jurisdiction based upon the amount in controversy; (2) the rules to apply in
determining the amount in controversy; and (3) the application of those rules to the
facts of this case.
Standard of Review
          A court must have subject matter jurisdiction to decide a case. Tex. Ass’n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). The Texas
Constitution and legislative enactments confer subject matter jurisdiction, combined
with the existence of the facts necessary for a court to exercise jurisdiction. Lee v. El
Paso County, 965 S.W.2d 668, 671 (Tex. App.—El Paso 1998, pet. denied). The
determination as to whether jurisdiction exists is a question of law, and we review it
de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). The
allegations in the plaintiff’s petition ordinarily establish the amount in controversy
for a jurisdictional analysis. Continental Coffee Products Co. v. Cazarez, 937 S.W.2d
444, 449 (Tex. 1996). See also Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555
(Tex. 2000) (jurisdictional challenges based upon amount in controversy “must
ordinarily be decided solely on the pleadings”). We presume that a trial court has
jurisdiction unless the absence of jurisdiction affirmatively appears on the face of the
petition. Lee, 965 S.W.2d at 671. The plaintiff’s pleadings are determinative of the
amount in controversy, unless the defendant alleges that the amount pleaded was
merely a sham to wrongfully obtain jurisdiction. Bland, 34 S.W.3d at 554. If,
however, a litigant fails to state an amount in controversy in its petition for recovery,
the trial court is not thereby deprived of jurisdiction. Peek v. Equip. Serv. Co., 779
S.W.2d 802, 804 (Tex. 1989). Rather, a litigant may prove jurisdiction at trial. Peek,
779 S.W.2d at 804. 
          When deciding a plea to the jurisdiction, the trial court must consider evidence
relevant to the jurisdictional issue if that evidence is necessary to resolve the
jurisdictional question, and it has discretion in determining whether the jurisdictional
issue can be resolved in a preliminary hearing, or instead requires fuller development
of the merits of the case. Id. at 554-55. As the trial court considered evidence in
finding that it had jurisdiction, and served as the finder of fact in the bench trial of
this case, we review the facts in a light favorable to the trial court’s judgment. See
Tex. Dept. of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004)
(holding that a trial court can consider evidence in connection with a jurisdictional
inquiry and that the fact-finder is to resolve fact issues with regard to jurisdiction).
 
Rules for Determining the Amount in Controversy
          Sections 25.0003 and 25.1032 of the Texas Government Code grant
jurisdiction to statutory county courts and to the Harris County Civil Courts at Law. 
See Tex. Gov’t Code Ann. § 25.0003 (Vernon 2004); Tex. Gov’t Code Ann. §
25.1032 (Vernon 2004). See also Cazarez, 937 S.W.2d at 447-49. The jurisdictional
limit of the Harris County Civil Courts at Law is more than $500 but less than
$100,000, excluding interest, statutory or punitive damages, penalties, attorney’s fees,
and costs. Tex. Gov’t Code Ann. § 25.0003(c)(1) (Vernon 2004); Tex. Gov’t
Code Ann. § 25.1032(a) (Vernon 2004). See also Smith v. Clary Corp, 917 S.W.2d
796, 798 (Tex. 1996) (stating general jurisdictional rule, and noting “many
exceptions” exist).
          The Texas Supreme Court and the various courts of appeals have developed a
framework for assessing the “amount in controversy” for jurisdictional purposes. 
First, if one plaintiff asserts multiple claims against only one defendant, the amounts
of each separate claim are aggregated to determine the amount in controversy. See
Tejas Toyota, Inc. v. Griffin, 587 S.W.2d 775, 776 (Tex. Civ. App.—Waco 1979, writ
ref’d n.r.e.) (counter-plaintiff asserted DTPA claim and claims for damage to credit
reputation, loss of use of automobile, and attorney fees against counter-defendant;
amount of each claim aggregated and exceeded jurisdictional limits of county court). 
Second, if a plaintiff asserts a single claim through alternative theories of recovery,
for the purpose of determining jurisdiction, the amount in controversy is determined
by looking to the theory that would yield the largest award. See Lucey v. Southeast
Tex. Emergency Physicians Assoc., 802 S.W.2d 300, 302 (Tex. App.—El Paso 1990,
writ denied). Third, if one plaintiff asserts separate, independent and distinct claims
against multiple defendants, the claims asserted against each defendant are judged
separately, and must independently lie within the jurisdictional parameters of the
court. Borrego v. del Palacio, 445 S.W.2d 620, 622 (Tex. Civ. App.—El Paso 1969,
no writ).


 Fourth, a counterclaim, whether permissive or compulsory, must be within
the trial court’s jurisdictional limits, and the trial court should dismiss a counterclaim
if it exceeds the trial court’s maximum jurisdictional limit. Smith v. Clary Corp., 917
S.W.2d 796, 798 (Tex. 1996); Kitchen Designs, Inc. v. Wood, 584 S.W.2d 305, 307
(Tex. Civ. App.—Texarkana 1979, writ ref’d n.r.e.). Fifth, if a plaintiff’s pleadings
seek an amount within the trial court’s jurisdictional limits, subsequent amendments
increasing the amount in controversy above the trial court’s jurisdictional limit do not
divest the trial court of jurisdiction, but only if the increase is due to the passage of
time. Flynt v. Garcia, 587 S.W.2d 109, 110 (Tex. 1979). Sixth, claims in an
amended petition for additional damages – not due to the passage of time – are
included in the amount in controversy. Smith, 917 S.W.2d at 798 n.1; Crumpton v.
Stevens, 936 S.W.2d 473, 477 (Tex. App.—Fort Worth 1996, no writ).
          Finally, if a litigant alleges an amount of damages exceeding the trial court’s
jurisdictional limit, and the alleged damages are liquidated and non-severable, the
party may not amend its pleadings to reduce its liquidated damage claim to an amount
within the trial court’s jurisdictional limits. Smith Detective Agency v. Stanley Smith
Security, Inc., 938 S.W.2d 743, 747 (Tex. App.—Dallas 1996, writ denied); see also
Failing v. Equity Management Corp., 674 S.W.2d 906, 908–09 (Tex. App.—Houston
[1st Dist.] 1984, no writ). A litigant may, however, reduce its unliquidated claim for
damages to an amount within the trial court’s jurisdictional limit if that party pleads
in good faith. Smith Detective Agency, 938 S.W.2d at 747; see also Failing, 674
S.W.2d at 908–09 (plaintiff in court of limited jurisdiction may amend claim by
entirely abandoning any severable item to reduce claim to amount within jurisdiction
of court, but cannot amend to confer jurisdiction by waiving portion of severable
claim or by arbitrarily reducing alleged value of property or services to reduce claim
to amount within court’s jurisdiction); Isbell v. Kenyon Warner Dredging Co., 113
Tex. 528, 261 S.W. 762, 763 (1924) (trial court properly dismissed claim added after
suit filed that increased amount in controversy above trial court’s jurisdictional limit,
and retained initial claim).
The Application of the Amount in Controversy Rules
          Moore’s original petition alleges an unliquidated, unspecified amount of
damages for the warehouse property against Kenneth and Nancy French collectively. 
It separately alleges damages against Karen French for the conversion of a tractor. 
Moore’s supplemental petition alleges additional unspecified damages for claims
arising out of the office property. In his original petition, Moore further alleges that
the damages he seeks for his wrongful eviction and fraud claims were “within the
court’s jurisdictional limits” and that the damages he seeks for his breach of contract,
unjust enrichment, and conversion claims “exceeded the court’s minimum
jurisdictional limits.” (Emphasis added). Moore did not specifically allege that his
aggregate claims against Nancy and Kenneth French were less than $100,000. Moore
later amended his petition to seek further unliquidated damages against Kenneth and
Nancy French for the office property. The Frenches did not specially except to either
petition to seek clarification of the amount in controversy, nor did they allege that
Moore’s representation that his claims fell within the jurisdictional limits was a sham. 
          At trial, Moore offered testimony that, as of the date he filed his original
petition, his damages were at least $103,000. Moore also testified that the damages
for both the warehouse and office properties ranged anywhere from $103,000 to
$200,000. Moore further testified that he spent “about $60,000.00” on improvements
to the warehouse property, and “about [$]70,000” on the office property. Moore
asked the court to “dissolve the partnership and distribute the proceeds from the sale
of the properties.” Moore quantified the value of the assets held by the partnership as
follows:
From the property, roughly thirty-four thousand, net; and, basically, it
would be twenty percent, which would be $70,000.00 to them and
[$]80,000.00 to them, approximately; so that would leave roughly two
hundred thousand, plus attorney fees. 

Moore also claimed that if no partnership agreement existed, then he had “receipts
showing [$]133,000.00.” Moore agreed on cross-examination that he sought
partnership damages in the amount of $200,000, and that no change in circumstances
had occurred between the date of trial and the month that he filed suit.
          After hearing Moore’s testimony, the trial judge inquired whether the court had
jurisdiction. He asked Moore’s counsel to address the jurisdictional issue. Moore
again testified that, although he did not know the liquidated amount of damages that
he sought on the date he filed suit, the amount that he initially sought was “about”
$103,000. Moore testified, however, that at the time he filed suit, he did not have a
liquidated number as to the damages he sought.
          Before the evidence closed, Moore’s attorney made the following
announcement:
Judge, at this time the Plaintiff is going to amend the pleadings to take
out the dissolution of the partnership and the claims made for the
greater amounts and are going back to the original petition as it was
filed, which would then come well within the jurisdictional limits of the
Court. I can demonstrate that real quickly by the original petition and
the testimony.

(Emphasis added).



          After counsel’s trial amendment, Moore testified that when he filed his original
petition, he sought $5,000 for wrongful eviction, and $60,000 for his claims related
to the warehouse property. Moore specifically testified that the $103,000 figure
consisted of “two components” – the warehouse property, which represented
“roughly” $60,000 – and the office property, which represented “roughly 20, 
40,000.00.” The office property dispute arose, however, in Moore’s supplemental 
petition. Moore also testified that he sought separate damages in the amount of
$18,000 for conversion of a tractor against Karen French, and that he could not
quantify the amount of other damages that he sought for conversion. At a second
hearing on jurisdiction, the Frenches and Moore agreed upon a stipulation of evidence
“as to what the amount in controversy was at the time of filing.” The agreed
stipulation reads: “the Court’s understanding is that the total for actual damages the
Plaintiffs are seeking did not have value in excess of $99,000 on the date of filing.” 
Based upon the evidence it received, including the stipulation, the trial court
concluded that it had jurisdiction to hear the case and enter judgment. 
          On appeal, the Frenches contend that the trial court lacked jurisdiction,
maintaining that parties may not confer jurisdiction by agreement if no jurisdiction
exists. Moore responds that, in context, his trial testimony referred to an aggregate
amount in controversy of all parties and all claims, including claims in his amended
petition he later abandoned, and his independent claims for conversion against co-defendant Karen French. Relying on Gonzalez v. Sanchez, 927 S.W.2d 218, 221-22
(Tex. App.—El Paso 1996, no writ), the Frenches reply that, by accepting the
stipulation, the trial court impermissibly allowed the parties to “fix” the jurisdictional
problem.
          We conclude that Gonzalez is inapplicable here. In that case, Gonzalez failed
to timely perfect an appeal, and the trial court lost its jurisdiction. Gonzalez then
contended that the parties had agreed to extend the time for which her motion for new
trial would be overruled by operation of law, in order to deem the appeal timely
perfected. Gonzalez, 927 S.W.2d at 219-20. Unlike Gonzalez, the parties in this case
did not attempt to resurrect jurisdiction in the trial court with a stipulation of law,
after it had been lost by operation of law. Rather, in this case, the parties submitted
agreed evidence as to certain facts. Based upon those facts, the trial court determined
that it had jurisdiction. It is true that, if a trial court lacks jurisdiction, it cannot be
conferred through an agreement of the parties. Gonzalez, 927 S.W.2d at 221-22; Kirk
v. Head, 137 Tex. 44, 152 S.W.2d 726, 728-29 (1941). It is also true, however, that
“where potential jurisdiction is dependent on the existence of facts, the litigating
parties to a cause can agree on the jurisdictional facts; and from such agreed facts the
court can determine the question of jurisdiction.” Head, 137 Tex. 44, 152 S.W.2d at
728-29. Because the parties in this case agreed on certain facts, and based upon those
facts, the trial court determined it had jurisdiction, we conclude that the county court
at law properly determined that it had jurisdiction over this lawsuit. See id; see also
Houston Lighting & Power Co. v. City of Wharton, 101 S.W.3d 633, 641 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied) (providing stipulation conclusive on
issue addressed, and parties estopped from claiming contrary).



Sufficiency of the Evidence 
          The Frenches contend that no evidence, or alternatively, insufficient evidence,
exists to support the trial court’s award of damages. They further contend that the
trial court’s failure to award damages to Karen French, and attorneys’ fees to the
Frenches, is against the great weight and preponderance of the evidence.
          A litigant who does not bear the burden of proof at trial must show that no
evidence supports the contested finding to complain of legal insufficiency. Beard v.
Beard, 49 S.W.3d 40, 55 (Tex. App.—Waco 2001, pet. denied). In deciding a legal
insufficiency challenge, we view the evidence in a light that tends to support the
disputed finding and disregard evidence and inferences to the contrary. Wal-Mart
Stores, Inc. v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003). If more than a scintilla
of evidence supports the challenged finding, the no-evidence challenge fails. Gen.
Motors Corp. v. Sanchez, 997 S.W.2d 584, 588 (Tex. 1999). When attacking an
adverse finding on an issue for which one bears the burden of proof, the complaining
party must demonstrate that the evidence conclusively establishes, as a matter of law,
all facts in support of the issue (for rendition), or alternatively, that the adverse
finding is against the great weight and preponderance of the evidence (for remand). 
Vickery v. Vickery, 999 S.W.2d 342, 375 (Tex. 1999); Holley v. Watts, 629 S.W.2d
694, 696 (Tex. 1982).
Moore’s Claims
Unjust Enrichment
          A plaintiff may recover under the equitable doctrine of unjust enrichment if a
contemplated agreement is unenforceable, impossible, not fully performed, thwarted
by mutual mistake, or void for other legal reasons. Burlington Northern R. Co. v.
Southwestern Elec. Power Co., 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996)
aff’d, 966 S.W.2d 467 (Tex. 1998); City of Harker Heights v. Sun Meadows Land,
Ltd., 830 S.W.2d 313, 319 (Tex. App.—Austin 1992, no writ). Unjust enrichment is
not, however, a proper remedy merely because it “might appear expedient or
generally fair that some recompense be afforded for an unfortunate loss” to the
claimant, or because the benefits to the person sought to be charged amount to a
windfall. Zapata Corp. v. Zapata Gulf Marine Corp., 986 S.W.2d 785, 788 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).
          Nancy and Kenneth French contend that the evidence is legally insufficient to
support the trial court’s award of damages to Moore for unjust enrichment, because
Moore severed his fraud claim at trial, and no evidence exists in the record that Nancy
or Kenneth French put Moore under duress or attempted to take unfair advantage of
him. They further contend that there is no evidence that Moore paid $60,000 for the
benefit of Kenneth and Nancy French under circumstances indicating that he intended
to be repaid. The Frenches allege that Moore in fact testified that the funds used to
construct the warehouse were paid in part from a bank account owned by Nancy and
Kenneth French.
          Virginia Hynson testified that she served as the real estate agent for Moore and
Boyd when they sold their residence located at 11218 Windpipe. She also served as
the real estate agent for the French family when they listed the warehouse property
and purchased the office property. Hynson testified that she met with Kenneth,
Nancy, and Karen French, Sandra Boyd, and Moore for a “family meeting” regarding
their plan to expand Moore Moving. Hynson testified that the family decided to sell
the residence on Windpipe and to use some of the proceeds to “reimburse some
money,” and some of the proceeds to purchase acreage to expand Moore Moving. 
The family also decided to list the warehouse property, and, likewise, planned to
invest some of the money realized upon the sale of that property into land for Moore
Moving, and the remainder to reimburse family members who had invested in the
business. They listed the warehouse property for $148,900, which, if realized, would
enable them to accomplish their goals of investing in a larger piece of land, and
reimbursing those family members who had invested in Moore Moving. 
            Moore testified that he entered into a partnership agreement with Kenneth and
Nancy French, made improvements, maintained, and paid the utilities and taxes on
the warehouse property. Moore built the “shell” of a building, a parking lot, and
erected a fence on the warehouse property. Moore offered receipts for $60,000 that
he spent on improvements to the warehouse property, admitted without objection, and
testified that the Frenches helped him “finish out” the building on the warehouse
property, which he completed in the spring of 1999. Moore testified that he agreed
with Kenneth and Nancy French that the money he invested in the warehouse
property would be refunded upon its sale, together with anything left after the
Frenches had been paid back for their investment. Moore produced an insurance
policy that he purchased for Moore Moving, listing it as a partnership, and testified
that the insurance company informed him that the Frenches attempted to change the
description of Moore Moving from a partnership.
          Moore admitted at trial that some of the damages that he was seeking were paid
from a checking account owned by Nancy and Kenneth French, but testified that the
money in that account came from Moore Moving. Moore testified that Nancy and
Kenneth French allowed Moore and Boyd to deposit money into their checking
account. According to Moore, he and Boyd agreed to this arrangement, and
frequently approached Nancy French for checks. Nancy French eventually authorized
Boyd to sign Nancy French’s name on checks drawn on that account. Moore testified
that he and Boyd deposited $74,000 into the checking account owned by Kenneth and
Nancy French, and explained, “I had to trust in them. If not, I would have never
deposited a $74,000.00 check into an account that I could not sign on.” Moore
testified that he and Boyd contributed funds to the account, and used the funds to
construct a warehouse at a cost of $60,000. 
          The trial court found, pre-judgment, as follows: 
•Plaintiff and Defendants did NOT enter into an express or implied
partnership.
•Defendants did not breach a FIDUCIARY duty to Plaintiff.
•Defendants did not fail to comply with a partnership agreement.
•Plaintiff is entitled to a quantum meruit recovery.
•Plaintiff is entitled to recover unjust enrichment damages in the
amount of $60,000.00.

(Emphasis in original).


 Viewing the evidence in a light that tends to support the trial
court’s judgment, and disregarding evidence and inferences to the contrary, we
conclude that more than a scintilla of evidence supports the trial court’s finding and
damage award of $60,000 to Moore under the doctrine of unjust enrichment. The
evidence indicates that Moore invested $60,000 in the property, expecting that his
expenditure would be refunded upon the sale of the warehouse property. Such
evidence is legally sufficient to support the trial court’s award. See Canchola, 121
S.W.3d at 739; Sanchez, 997 S.W.2d at 588.
Wrongful Eviction
          Section 93.002(g)(2) of the Texas Property Code allows a tenant to recover
from a landlord “an amount equal to the sum of the tenant’s actual damages, one
month’s rent or $500, whichever is greater, reasonable attorney’s fees, and court
costs, less any delinquent rents or other sums for which the tenant is liable to the
landlord.” Tex. Prop. Code Ann. § 93.002(g) (Vernon 1995). The Frenches contend
that “this court need not delve into the particulars of the damage models for wrongful
eviction, because Moore failed to present any evidence at trial to support damages
under this theory, other than his unsubstantiated statement that he was entitled to
$5,000.”
          Moore testified at trial that he sought $5,000 in damages for wrongful eviction. 
He testified that the amount of damages he sought is based upon the fact that he was
required to find another storage facility to store his “household contents” that he had
stored at the warehouse property. The Frenches’ attorneys neither cross-examined
Moore on this issue, nor offered controverting evidence regarding Moore’s damages
for wrongful eviction. Viewing this evidence in a light that supports the trial court’s
judgment and disregarding all evidence and inferences to the contrary, we conclude
that more than a scintilla of evidence supports the trial court’s damage award of
$5,000 to Moore. See Canchola, 121 S.W.3d at 739; Sanchez, 997 S.W.2d at 588.
Conversion
          Karen French contends that Moore offered no evidence of conversion to
support the trial court’s finding that she converted a tractor that she removed from the
warehouse property. She further contends that the testimony and documentary
evidence at trial conclusively establish that she is the record owner of the tractor, and
that Moore presented no evidence demonstrating that he had title or a superior right
to possess the tractor.
          In order to recover on a claim for conversion, a plaintiff must prove that: (1)
the plaintiff owned, had legal possession of, or was entitled to possession of the
property; (2) the defendant assumed and exercised dominion and control over the
property in an unlawful and unauthorized manner, to the exclusion of and inconsistent
with the plaintiff’s rights; (3) the plaintiff made a demand for the property; and (4)
the defendant refused to return the property. Ojeda v. Wal-Mart Stores, Inc., 956
S.W.2d 704, 707 (Tex. App.—San Antonio 1997, pet. denied). A plaintiff is required
to demand return of the property if the defendant legally obtained possession. Presley
v. Cooper, 284 S.W.2d 138, 141 (Tex. 1955).
          Moore does not dispute that Karen French is the record owner of the tractor,
but instead contends that he had a superior right to possess it. Moore relies on his
testimony that Karen French took the tractor from him after he had made loan
payments on it. Moore admitted that he was not making payments on the tractor at
the time of trial, and that payments were nonetheless due each month on the tractor. 
Karen French testified that she is the borrower on the $18,000 note, and she took
possession of the tractor to keep track of it. She further explained, “When he left my
mom’s house, I would not know where he was. I wasn’t assured that he was going
to pay these loans, and I went ahead and asked him if I could use the tractor.” Moore
relinquished possession to French.
          Although Moore argues in his brief that he had a superior right to possess the
tractor, he has not directed us to any evidence in the record, nor have we found any,
demonstrating that he had a superior right to possess the tractor at the time that Karen
French took possession of it – indeed, she is the record owner and, as the borrower
on the note, was responsible for payment. Absent any evidence of a lease or other
agreement, Moore did not present legally sufficient evidence to support his
conversion claim. In order to prevail on a claim for conversion, the aggrieved party
must either own, possess, or have the right to immediate possession of the property
alleged to have been converted. Crutcher v. Continental Nat’l Bank, 884 S.W.2d
884, 888 (Tex. App.—El Paso 1994, writ denied). See also Waisath v. Lack’s Stores,
Inc., 474 S.W.2d 444, 447 (Tex. 1971) (ownership of items not under liens carried
with it right of possession absent evidence of contrary agreement between parties). 
Moore failed to meet any of these criteria. We therefore reverse the trial court’s
award of $18,000 for conversion damages against Karen French, and render judgment
in her favor that Moore take nothing in his claim for conversion.
Moore’s Award of Attorney’s Fees
          Nancy and Kenneth French contend that the evidence presented to the trial
court in support of Moore’s award of $45,000 in attorney’s fees is insufficient to
support that award, and that the amount of the trial court’s award is unreasonable as
a matter of law. In support of their contention, they argue that because Moore is not
entitled to recover attorney’s fees on any of the theories upon which the trial court
awarded damages, no basis exists for the trial court to award him attorney’s fees.


 
The Frenches note that the trial in this case lasted less than one day, the parties
conducted no discovery, and that the trial occurred less than three months after Moore
filed suit. They also attack the trial court’s award, because “despite the relatively
simple nature of this case, almost every task in the case was attended by two, and
often three, legal personnel.”
          Moore’s attorney submitted invoices to the trial court for attorney’s fees of
almost $65,000. Moore’s attorney, David Tang, testified that he reviewed the legal
work performed in preparation of this case, that he has participated in trials in Harris
County, Texas, and that he is familiar with the amount that attorneys in Harris County
charge as a reasonable and necessary attorney’s fee. Mr. Tang testified that, based
upon the novelty of the issues in this case and the amount of work performed, a
reasonable and necessary attorney’s fee would be $45,000. When given the
opportunity, the Frenches’ attorney declined to cross-examine Mr. Tang.
          A trial court, sitting as finder of fact, may award attorney’s fees as a matter of
law based upon an interested witness’ testimony if it is accurate, clear, direct, and
positive, and not contradicted by any other witnesses, other evidence, or attendant
circumstances, “especially when the opposing party has the means and opportunity
of disproving the testimony or evidence and fails to do so.” Ragsdale v. Progressive
Voters League, 801 S.W.2d 880, 882 (Tex. 1990); see also Collins v. Guinn, 102
S.W.3d 825, 836 (Tex. App.—Texarkana 2003, pet. denied) (“What constitutes
reasonable attorney’s fees is a question of fact, but clear, direct, uncontroverted
evidence of attorney’s fees is taken as true as a matter of law, especially when the
opposing party has not rebutted the evidence.”). The trial court’s award of attorney
fees is supported by Mr. Tang’s uncontroverted testimony. We therefore conclude
that the evidence is sufficient to support the trial court’s award of attorney’s fees to
Moore.



The Frenches’ Claims
          Karen, Nancy, and Kenneth French asserted counter claims against Moore for
breach of contract, conversion, quantum meruit, unjust enrichment, and negligence. 
Karen French contends that the county court at law’s failure to award her damages
in the amount of $13,647.85 is against the great weight and preponderance of the
evidence, but seeks rendition of judgment, awarding her damages in that amount. 
Karen, Nancy, and Kenneth French also contend that the trial court’s failure to award
them their attorney’s fees is against the great weight and preponderance of the
evidence, and seek rendition of judgment, awarding them attorney’s fees in the
amount of $15,000. The Frenches have briefed these issues as a challenge to the legal
sufficiency of the evidence. Neither Karen, Nancy, or Kenneth French request that
we remand this case to the trial court on the basis that the trial court’s findings are
against the great weight and preponderance of the evidence, as an alternative to
rendition. We therefore construe their complaints as challenges to the legal
sufficiency of the evidence. See Anderson v. Gilbert, 897 S.W.2d 783, 784-85 (Tex.
1995) (“An appellate court should consider the parties’ arguments supporting each
point of error and not merely the wording of the points.”).
          When a party attacks the legal sufficiency of an adverse finding on an issue as
to which he bore the burden of proof, he must demonstrate on appeal that the
evidence conclusively established all vital facts in support of the issue. Sterner v.
Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Smith v. Central Freight Lines,
Inc., 774 S.W.2d 411, 412 (Tex. App.—Houston [14th Dist.] 1989, writ denied). In
reviewing this “matter of law” challenge, we examine the record for evidence that
supports the challenged finding, while ignoring all evidence to the contrary. See
Sterner, 767 S.W.2d at 690. If there is no evidence to support the finding, we will
examine the entire record to determine if the contrary proposition is established as a
matter of law. Id.
Claims Asserted by Karen French
          Moore does not dispute that Karen French borrowed $11,782.94 and gave him
the loan proceeds. Nor does he dispute that she purchased a computer and fax
machine for $1,864.91, and that he had possession of that equipment. Karen French
contends that “in light of the uncontroverted testimony and documentary evidence,
the trial court should have awarded total damages to Karen French of $13,647.85,”
and “[t]hat this Court should reverse the trial court’s judgment and render judgment
that Karen French recover actual damages against Moore in the amount of
$13,647.85.”
          Moore testified that, in October 2000, Karen French borrowed $11,782.94 and
gave him the proceeds of that loan. He also testified that he was not aware whether
or not the loan had been fully repaid. When asked whether he “stopped giving her
monthly payments that you and/or Sandra used to give her when y’all were together,”
Moore responded that he continued to make payments on that loan after he and
Sandra Boyd had separated. When asked why he could not produce a canceled check
to document that he made payments after he and Sandra had separated, Moore
explained that he gave Karen French cash. Moore also acknowledged at trial that
Karen French purchased a computer and fax machine for Moore Moving, but Moore
testified that he paid her cash for that equipment five months after she purchased it. 
As further evidence that he paid for that equipment, Moore explained that he had the
paperwork for that equipment, and that Karen French had retained possession of the
paperwork for the equipment until after he had fully paid her for it. 
          As Moore disputed French’s testimony, Karen French fails to meet her burden
of showing that the evidence conclusively establishes that she was entitled to
judgment in the amount of $11,782.94 regarding the loan proceeds, and $1,864.91
regarding the computer and fax machine.
          Karen French further complains of the trial court’s refusal to award her
additional monetary damages.


 She asserted claims against Moore for breach of
contract, conversion, quantum meruit, unjust enrichment, and negligence. Karen
French, however, has not specified which of these claims she contends that the
evidence conclusively establishes as a matter of law, entitling her to rendition of
judgment, or, alternatively, which claims the trial court failed to find in her favor
against the great weight and preponderance of the evidence, entitling her to a new
trial. We decline to address these issues, as Karen French failed to brief them. Tex.
R. App. P. 38.1(h).
Attorney’s Fees
          The Frenches contend that they are entitled to recover $15,000 for attorney’s
fees incurred in the prosecution and defense of this lawsuit, because of their
successful prosecution of their forcible entry and detainer and unjust enrichment
causes of action. They claim entitlement to all of the attorney’s fees that they
incurred in this lawsuit, because the claims in this case are so intertwined that their
attorney was unable to segregate his attorney’s fees between claims, or between
prosecution and defense activities. Moore contends that the Frenches failed to
present conclusive evidence in support of their claim for attorney’s fees, and that they
are therefore not entitled to rendition of judgment. 
          In order to show the reasonableness and necessity of attorney fees, the party
seeking attorney fees must show that the fees were incurred (1) while suing the party
sought to be charged with the fees and (2) on a claim which allows recovery of such
fees. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991). A party
seeking attorney fees has a duty to segregate nonrecoverable fees from recoverable
fees, and to segregate the fees owed by different parties. See id. at 11. An exception
to the duty to segregate arises when the attorney fees incurred are in connection with
claims arising out of the same transaction, and are so interrelated that their
prosecution or defense entails proof or denial of essentially the same facts. Sterling,
822 S.W.2d at 11. When causes of action involved in a suit are dependent upon the
same set of facts or circumstances, and thus are “intertwined to the point of being
inseparable,” the party suing for attorney fees may recover the entire amount covering
all claims. Id.
          At trial, the Frenches’ attorney testified that the claims in this case are
intertwined, and he thus could not segregate his fees between claims, nor between
prosecution and defense activities. He also testified that the Frenches incurred
attorney’s fees in the amount of $15,000 through trial. In support of their contention
that they are entitled to rendition of judgment in the amount of $15,000, the Frenches
rely on the trial court’s pre-judgment findings, which state that they are entitled to
attorney’s fees incurred in the prosecution of their two forcible entry and detainer
actions, and Caldwell & Hurst v. Meyers, 714 S.W.2d 63, 65 (Tex. App.—Houston
[14th Dist.] 1986, writ ref’d n.r.e.). Meyers allowed a recovery for attorney’s fees
based upon article 2226 of the Texas Revised Civil Statutes, recodified as Chapter 38
of the Texas Civil Practice and Remedies Code. See id.
Forcible Entry and Detainer
          In order to be eligible to recover attorney’s fees in a eviction suit, a landlord
is required to comply with the requirements of Section 24.006 of the Texas Property
Code. See Tex. Prop. Code Ann. § 24.006 (Vernon 2000). One of the requirements
of Section 24.006 is that the landlord must provide a tenant unlawfully in possession
of the landlord’s premises with a written demand to vacate the premises. The
demanding party must send the demand by registered or certified mail, return receipt
requested, at least 10 days before suit is filed. Tex. Prop. Code Ann. § 24.006(a)
(Vernon 2000). 
          The Frenches filed their first forcible entry and detainer action, which sought
to have Moore evicted from the office and warehouse properties, on July 18, 2002. 
They sent their demand that Moore vacate the properties on August 1, 2002. Because
their demand did not comply with the requirements of Section 24.006 of the Texas
Property Code, the Frenches have failed to conclusively establish that they are
entitled to recover their attorney’s fees incurred in the prosecution of the forcible
entry and detainer causes of action.
Unjust Enrichment
          In order to be eligible to recover attorney’s fees pursuant to Chapter 38 of the
Texas Civil Practice and Remedies Code, a claimant must comply with Section
38.002. Section 38.002 requires that:
(1) the claimant must be represented by an attorney; 
(2) the claimant must present the claim to the opposing party or to a duly
authorized agent of the opposing party; and 
(3) payment for the amount owed must not have been tendered before
the expiration of the 30th day after the claim is presented. 
Tex. Civ. Pac. & Rem. Code Ann. § 38.002 (Vernon 1997). The Frenches have not
directed us to evidence in the record demonstrating that they complied with the
procedural requirements of Section 38.002 of the Civil Practice and Remedies Code. 
See Sterner, 767 S.W.2d at 690; Smith, 774 S.W.2d at 412 (party who attacks legal
sufficiency of adverse finding on an issue as to which he bore the burden of proof
must demonstrate on appeal that evidence conclusively established all vital facts in
support of issue). Because the Frenches have not demonstrated that they complied
with the procedural requirements of Section 38.002 of the Texas Civil Practice and
Remedies Code, the Frenches have failed to conclusively establish that they are
entitled to recover their attorney’s fees incurred in the prosecution of Kenneth
Frenches’ unjust enrichment claim.
Conclusion
          If the parties agree on facts, and from those agreed facts the trial court
determines the legal question of jurisdiction, a party is estopped from asserting on
appeal that the facts are different from those agreed to in the trial court. We conclude
that the trial court had subject matter jurisdiction to decide this case. We further
conclude that (1) the evidence is legally sufficient to support the trial court’s findings
with respect to Moore’s claims for wrongful eviction, unjust enrichment, and
attorney’s fees; (2) Karen French has failed to conclusively establish that she is
entitled to judgment as a matter of law in the amount of $13,647.85 with respect to
her claims against Moore for breach of contract, conversion, quantum meruit, unjust
enrichment, and negligence; and (3) the Frenches failed to conclusively establish that
they were entitled to judgment as a matter of law on their claims for attorney’s fees. 
Because Karen French is the record owner of the tractor, is responsible for the debt
it secures, and Moore has not directed us to any evidence demonstrating that he had
a “superior right” to possess the tractor at the time that Karen French took possession
of it, we conclude that the evidence is legally insufficient to support the trial court’s
award of $18,000 to Moore against Karen French for conversion. We therefore
reverse and render judgment that Moore take nothing on his conversion claim against
Karen French, and affirm the trial court’s judgment in all other respects.
 
                                                             Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.